**TYRRELL RICE MILLING CO. v. BASKIN.**
(No. 1137.)

(Court of Civil Appeals of Texas. Beaumont. June 30, 1924. Rehearing Denied Oct. 15, 1924.)

**1. Master and servant ☞258(19)—Petition for injuries held to plead employer's noncompliance with custom to warn.**

Petition, against warehouseman, for injuries to employee sustained when struck by rice sacks descending from one floor to another through chute, held to predicate cause of action on employer's failure to observe usual custom of notifying employees that rice was to be sent down chute, and not on theory that due care required warning to employee.

**2. Master and servant ☞264(14)—Employee pleading noncompliance with custom to warn could not recover on theory due care required warning.**

Where petition for injuries to warehouse employee struck by sacks of rice lowered through chute predicated the cause of action on employer's noncompliance with usual custom of warning employees that bags were to be lowered through chute, plaintiff could not recover on theory that due care required warning.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by Jock Baskin against the Tyrrell Rice Milling Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

King & Battaile, of Houston, and A. Ludlow Calhoun, of Beaumont, for appellant.
Howth & O'Fiel, of Beaumont, for appellee.

WALKER, J.    Appellee instituted this suit against appellant to recover damages for personal injuries, and on a trial to a jury was awarded a verdict for $500. After detailing the nature and character of his injuries, appellee alleged (quoting from his second amended original petition, upon which this case was tried):

"(3) That the injury to the plaintiff as aforesaid was caused and occasioned directly and proximately by the negligence of the defendant and its servants and agents, acting at the time in the performance of their duties for defendant in this, to wit:

"(a) That at and immediately before the injury to the plaintiff, he was engaged in pushing a truck in wheeling sacks of rice from one point in defendant's warehouse to another mill and warehouse and loading said rice and preparing to load said rice; that the rice was being transmitted from an upper story of the mill and warehouse of defendant to a lower story of the mill and warehouse of defendant to a lower story on which said lower story plaintiff was working, the rice being transmitted by means of a chute, and that while at and near said chute in the act of about to pick up his truck for the purpose of moving the same, one or more bags of rice, the exact number being unknown to plaintiff, were transmitted rapidly through said chute to the floor below from the upper story and struck the plaintiff, knocking him down and against the wall of the mill and causing the injuries aforesaid.

"(4) That the negligence of the defendant and its agents and servants consisted in failing to notify the plaintiff, whom they knew was on the lower floor taking the rice away from the chute as it descended to the lower floor, by calling to him or by other means and giving him warning and notice of the fact that the sacked rice was on its way through the chute from the upper to the lower story where plaintiff was standing, and in this connection the plaintiff alleges that it was usual and customary when some of the employees were loading rice in the chute from an upper story and sending it down through the chute to a lower story, where it was necessary to be removed about as fast as it was sent down, to hollow to the person on the lower story of the mill, and the plaintiff relied upon the observance of said

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

usual custom and practice of giving such notice to enable him to stand aside and away from said chute out of danger of being struck by the descending rice, and because of the failure of said defendant and its employees to give such notice at and immediately before the rice was loaded and descending to the lower floor, the plaintiff was led to believe and did believe that no rice was on its way down through the chute and that he was in no danger in standing at and near said chute in removing rice and preparing to remove the rice, which had theretofore been transmitted in the same manner from the upper to the lower story and was wholly misled, and injured by the failure of the defendant and its employees to give the usual and customary notice which it had long been the custom and habit of the defendant and its employees to do, and in this connection the defendant and its agents and servants were under the duty to the plaintiff and others similarly situated to give him notice by a signal or warning of the descending rice through the chute in order to enable him to get out of danger before the rice reached the lower story of the mill."

Upon special issues, the jury found that appellee sustained the injuries substantially as alleged by him; that he sustained the injuries through the failure of the employees of the defendant company to warn him before dumping or causing said rice to be dumped from the second floor to the first floor, as claimed by him; that the failure on the part of defendant's agents and employees to warn the plaintiff of their dumping of said rice from the second floor to the first floor was the direct and proximate cause of the injury to the plaintiff; "that the failure on the part of the agents and employees of the defendant company to warn the plaintiff before dumping said rice from the second floor to the first floor was a failure on the part of defendant's agents and employees to use ordinary care;" and that it was not "a custom at the plant of the defendant at the time of the injury alleged, to give a warning of the dumping of rice into the chute in controversy prior to the dumping of said sacks of rice therein to the employees at work below."

## Opinion.

The only contention presented by appellant in this case is that appellee based his cause of action upon the existence of the custom of appellant's mill, "when some of the employees were loading rice in a chute from the upper story and sending it down through the chute to a lower story where it was necessary to be removed about as fast as it was sent down to hollow to the person on the lower story of the mill, and the plaintiff relied upon the observance of said custom."

[1, 2] We agree with appellant in its construction of appellee's petition. As we understand his allegations of negligence, he predicates his cause of action solely and alone upon the failure of appellant to observe the usual custom of notifying its employees that rice was about to be sent down the chute. It is true that he alleges a failure on the part of appellant to give him notice that the rice was being sent down the chute, but the affirmative and exclusive allegations of his petitions are to the effect that the duty to warn him grew out of the observance of a custom upon its part to give such notice, and that the violation of that custom was the proximate cause of his injury. There is no independent allegation of a duty upon the part of appellant to give notice to its employees that sacks of rice were being sent down the chute, nor is any negligence predicated upon a violation of that duty. We see in this petition only an effort to recover because of the failure of the servants and employees of appellant to observe the usual custom "to hollow to the person on the lower story of the mill." As the jury affirmatively found against the existence of such a custom, appellee was permitted to recover on a ground of negligence not alleged.

The judgment in his favor must therefore be reversed, and this cause remanded for a new trial.