**CONE et al. v. TEXAS EMPLOYERS' INS. ASS'N. (No. 950.)**

(Court of Civil Appeals of Texas. Beaumont. April 21, 1923.)

**1. Master and servant ☞419—Review of compensation case held unauthorized, the mistake being one of law.**

Where a workman accepted a lump settlement on being advised by the insurer's agent that the injury resulting in amputation of a leg six inches below the knee came under the provision of the Workmen's Compensation Law for compensation for the loss of a foot, the agent merely expressing his legal conclusion, *held*, the mistake committed, if any, was one of law, and not of fact, and the Industrial Accident Board had no authority to review award under Texas Complete Statutes 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25.

**2. Master and servant ☞418(3)—Compensation theory not raised below held unavailable on appeal.**

An employé suffering injuries resulting in the amputation of his leg six inches below the knee who appeals from a judgment setting aside an award by the Industrial Accident Board on a review under Texas Complete Statutes 1920, or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25, cannot invoke the clause of article 5246—21 providing that in all other cases compensation shall be determined according to percentage of incapacity, where he did not raise this issue by his pleadings nor by the facts introduced on the trial upon his answer claiming compensation as for loss of a leg at or above the knee.

**3. Master and servant ☞385(14)—Loss of leg six inches below knee compensable as for "loss of foot," and not for "loss of leg at or above knee"; "at."**

The word "at" as used in Texas Complete Statutes 1920 or Vernon's Ann. Civ. St. Supp. 1918, art. 5246—21, fixing compensation for the loss of a leg "at or above the knee" must be construed as meaning the exact location of the knee, not near to it or below it to any extent whatever, and where an employé suffers injuries resulting in the amputation of his leg six inches below the knee, enough of the limb remaining to make it useful in wearing a false limb, the injuries do not come within this provision, but the case is within the provision for the loss of a foot.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, At.]

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by the Texas Employers' Insurance Association against R. T. Cone and others to set aside an award made by the Industrial Accident Board under the Workmen's Compensation Law. Judgment for plaintiff, and defendants appeal. Affirmed.

W. A. Barlow, of Austin, for appellants.

Ned B. Morris, of Houston, and Harry P. Lawther, of Dallas, for appellee.

WALKER, J. This suit was instituted by appellee against appellants for the purpose of setting aside an award made against it in appellants' favor by the Industrial Accident Board. The nature and result of the suit is sufficiently indicated by the trial court's conclusions of fact, which are as follows:

"(1) I find that on June 11, 1918, the Texas Company was a subscriber under the Employers' Liability Act, and carried insurance with the Texas Employers' Insurance Association, plaintiff herein; that defendant R. T. Cone was in the employ of said company, and while engaged in the course of his employment, and while covered by said policy, sustained an injury which resulted in the amputation of his leg six inches below the knee joint and eight inches below the top of the kneecap, and six inches below the bottom of the kneecap.

"(1a) By consent of both parties, I made a personal inspection, in open court, of the defendant's injured limb, made the above measurements, and I find that enough of the limb below the knee remains to make it useful in wearing a false limb, which the defendant had on and wore at the trial. In this connection I find that the use of said limb below the knee is not destroyed.

"(2) The average weekly wages of R. T. Cone at the time of his injury would entitle him to recover $14.71 per week for such time as might be allowed by law.

"(3) On the application of said Cone, concurred in by the plaintiff herein, the Industrial Accident Board of the state of Texas allowed said Cone compensation for 125 weeks at $14.71 per week, which the Industrial Accident Board directed to be paid in a lump sum to said Cone, after allowing the New Jersey discount, and which said sum was duly paid to said Cone and accepted by him in full settlement for said injury, which occurred September 18, 1918.

"(3a) At the time of said injury the said Cone was 25 years of age, and had a wife and two children.

"(4) After the settlement mentioned in subdivision 3 hereof, the said Cone made his application to the Industrial Accident Board to reopen and review his claim, and the Board's further finding thereon was that said claim had not been disposed of in accordance with the provisions of the Employers' Liability Act, for the reason, as found by the Board, that it had been established to its satisfaction that the injury suffered by the said R. T. Cone was greater than the loss of a foot, and that the specific compensations provided by law for the

loss of a foot had no proper and legal application to the injury actually sustained, and the Board found that the settlement heretofore made as aforesaid is null and void and of no force and effect, except that the sum paid should be allowed as a credit on the award made in said last hearing, and the Board awarded to the said Cone $739.17 in addition to the amount theretofore awarded him and theretofore paid in said settlement, and allowed W. A. Barlow, his attorney, 15 per cent. of said last award; the date of said second award being November 19, 1919.

"(4a) I find that the Industrial Accident Board, in its second award, did not allow compensation for the loss of a leg at or above the knee, but said additional allowance was made upon some theory not disclosed by the record.

"(5) I find as a fact that the condition of said injury to said Cone had not changed between the first award and the time his claim was reopened and the second award made, and has never changed; and I further find that no fraud or mistake is shown to have been committed by the plaintiff herein on either the Industrial Accident Board or the defendant Cone, and that the Industrial Accident Board was laboring under no mistake of law or fact in making its first award.

"(6) I find that the defendant Cone was not represented by an attorney and had no legal advice as to his rights other than that furnished by his employer and the plaintiff herein before he accepted the first settlement, and not until shortly before he filed his application to reopen and review his case.

"(7) I find that the Texas Employers' Insurance Association, on August 16, 1918, filed with the Industrial Accident Board of Texas a report of this accident, in which it was stated that the defendant Cone suffered an injury resulting in the amputation of his left foot just above the ankle. In this connection, I further find that said report was in fact substantially correct and did not amount to a fraud or a mistake.

"(8) I find that Cone was advised by plaintiff herein that his injury came under the provision of the Workmen's Compensation Act which allowed compensation for the loss of a foot, and that he relied thereon and accepted such settlement, so believing such to be the extent of his rights in the premises. In this connection I find that such advice amounted to a mere conclusion of law, which in this court's opinion was correct, and I find that it was not a representation as to any fact that was not true, and that such advice did not amount to a mistake or a fraud.

"(9) That on the 4th day of December, 1919, and within the time required by law, the plaintiff herein notified the defendant Cone and his attorney, W. A. Barlow, and the Industrial Accident Board, that it was not willing to, and did not, consent to abide by the aforesaid decision and final ruling of the said Industrial Accident Board, and that it did not abide by said decision and final ruling, and on the 11th day of December, 1919, filed this suit in this court, being in the county where the accident happened, to set aside said ruling and decision of said Industrial Accident Board upon reopening and making a further award in said case.

"(10) I find that W. A. Barlow represented the defendant Cone before the Industrial Accident Board in the motion to reopen said case and in this court, under a contract to have one-third of any recovery, which contract is reasonable."

[1] On the trial court's conclusions of fact, which we sustain, he rendered judgment for appellee on the following conclusions of law drawn by him from the facts:

"(1) Under the above facts, I conclude that the Industrial Accident Board of the state of Texas had no jurisdiction or authority to reopen and review the case of said Cone and to make any further allowance therein, because there was no evidence to show any change of conditions, any mistake or fraud, and therefore said first ruling and decision was final and conclusive."

Article 5246—25, Texas Complete Statutes or Vernon's Ann. Civ. St. Supp. 1918, provides:

"Upon its own motion or upon the application of any person interested showing a change of conditions, mistake, or fraud, the board at any time within the compensation period may review any award or order, ending, diminishing or increasing compensation previously awarded within the maximum and minimum provided in this act, or change or revoke its previous order sending immediately to the parties a copy of its subsequent order or award. Review under this section shall be only upon notice to the parties interested."

Under that article the Board, on the application of "any person interested," may review its award only on a showing of "change of condition, mistake or fraud." No contention is made that appellant's condition has changed, and the trial court expressly found that no mistake was committed, and no fraud perpetrated. All that appellee's agent did was to express to appellant his legal conclusion as to the extent of his rights. No fiduciary relation existed between them. The agent exercised no undue influence on appellant. As the mistake, if any, was one of law, and not of fact, the court correctly concluded that the Board had no authority to review its prior award. United States Fidelity & Guaranty Co. v. Davis (Tex. Civ. App.) 223 S. W. 700.

The second and third conclusions of law are as follows:

"(2) From the facts I conclude, as a matter of law, that the defendant's injuries do not come within the specific compensation providing for the loss of a leg at or above the knee, but do fall within the provision for specific compensation for the loss of a foot.

"(3) I conclude, under the facts, that the defendant Cone is not entitled to recover for the permanent loss of the use of his said leg from his knee down."

[2] The appellant specially pleaded the facts of his injury, and that by reason of

such facts appellee "became liable on said policy of insurance to pay the defendant R. T. Cone as for the loss of a leg at or above the knee as provided in the Employers' Liability Act of Texas then in force and effect within said state of Texas." Nowhere in his answer does he make any contention that the injury comes within any other provision of the statute, nor did he offer facts to sustain a finding on any other theory. In his brief appellant invokes that clause of article 5246—21 reading as follows:

"In all other cases, partial incapacity, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employé, compensation shall be determined according to the percentage of incapacity."

This contention comes too late. As we have already said, appellant did not raise this issue by his pleadings, nor did he introduce facts on which a finding could be based.

[3] Nor do we concur with appellants in their construction of article 5246—21, which provides "for the loss of a leg at or above the knee sixty per cent of the average weekly wages during two hundred weeks." He contends that "at" as used in that section should be construed as meaning "near to, approach, nearness, proximity. Its primary meaning may be conceded to be nearness." The exact definition of a word must often be determined from its context. The lexicographers and Words and Phrases give many definitions and shades of meaning to the word "at," but, as used in the quoted section, it has only one meaning as applied to the facts of this case, and that is that the loss of the leg must be "at" the knee, in the exact sense of the location of the knee, and not below the knee to any extent whatever. This is made plain by the description of the loss as being "at or above the knee." The use of the word "above" in connection with "at" limits the meaning of that word to the exact location of the knee in relation to that part of the leg below the knee, and it cannot be construed as including any portion of the leg below the knee. The definition we have given to the word effectuates the manifest intention of the Legislature, whose purpose was to compensate for the complete loss of the leg. The trial court found that the stump of appellant's leg six inches long was of value to him, and was being used by him. We concur with the trial court in holding that the loss of the leg below the knee, where the stump is preserved which can be used by the injured party, does not entitle him to compensation under that section of the act which provides for "the loss of a leg at or above the knee."

The judgment of the trial court is in all things affirmed.