## LUMBERMEN'S RECIPROCAL ASS'N v. ANDERS et al.    (No. 1477.)*

(Court of Civil Appeals of Texas. Beaumont. Feb. 22, 1927. Rehearing Denied March 9, 1927.)

1. **Master and servant** ⬤⟜385(14)—**Workman totally incapacitated for manual labor by broken leg held entitled to compensation for permanent total incapacity (Rev. St. 1925, art. 8306, §§ 10, 12).**

Lumberman who was totally incapacitated for manual labor by broken leg *held* entitled to compensation for permanent total incapacity under Rev. St. 1925, art. 8306, § 10, and not limited to compensation for loss of foot under article 8306, § 12.

2. **Master and servant** ⬤⟜405(6) — **Evidence held to justify lump sum compensation for permanent total incapacity.**

Evidence *held* to support verdict awarding lump sum payment of compensation to lumberman who was totally incapacitated for manual labor by broken leg.

⬤⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused May 11, 1927.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Suit by the Lumbermen's Reciprocal Association against C. A. Anders and others to set aside an award of compensation in a proceeding under the Workmen's Compensation Act by named defendant, opposed by Temple Lumber Company, employer, and plaintiff. Judgment for named defendant, and plaintiff appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Minton & Minton, of Hemphill, for appellee.

HIGHTOWER, C. J. This is an appeal by the Lumbermen's Reciprocal Association from a judgment of the district court of Sabine county in favor of appellee Anders for compensation under the provisions of the Employers' Liability Act (Vernon's Ann. Civ. St. 1925, art. 8306 et seq.) of this state, and apportioning the recovery in favor of Anders between him and his attorneys in the case.

The judgment appealed from is based upon the following facts: On February 16, 1924, appellee C. A. Anders was an employee of the Temple Lumber Company in Sabine county, and on that day Anders, while in the performance of his duty in loading logs in the woods to be hauled to the mill of the Temple Lumber Company, was injured by one of the logs falling from the car on which it was being loaded and striking Anders on the right leg and breaking it. The Temple Lumber Company was carrying a policy of compensation insurance, as provided by the Employers' Liability Act of this state, with appellant, Lumbermen's Reciprocal Association, which policy covered the employee Anders. Anders made claim for compensation for his injuries and compensation was paid him by appellant for a period of 89 weeks at the rate of $11.42 a week, but at the end of that time appellant declined to pay further compensation, and Anders applied to the Industrial Accident Board of this state for further compensation. Due notice was given to appellant of the claim for further compensation, and upon hearing before the board, it was ordered that further compensation be paid to Anders, and appellant, in due time, gave notice that it would not abide by the award and order of the board, and in due time filed this suit in the district court of Sabine county to set the award aside. Anders answered the petition, and, in addition, filed the usual cross-action against appellant, in which he alleged, in substance, that the injury complained of by him had resulted in permanent total disability, and that he was entitled to and prayed for judgment for compensation as for permanent total disability for a period of 401 weeks, less the amount of compensation that he had already been paid, and further prayed that the compensation recovered by him be ordered paid in a lump sum.

The case was tried with a jury and was submitted upon special issues, upon which judgment was rendered in favor of appellee Anders for compensation for a period of 401 weeks from the date of his injury, less the amount of compensation that he had already received, and the judgment awarded one-third of the recovery to Anders' attorneys representing him in the case.

Counsel for appellant make two main contentions in their brief in this court. The first is, in substance, that the undisputed evidence adduced upon the trial showed that the only injury received by Anders was the loss of the use of his right foot, and that Anders was only entitled to recover for that injury compensation for a period of 125 weeks. The other contention of appellant is that there is no basis in the evidence to support the judgment in favor of Anders for a lump sum payment of compensation. We say these are the two main contentions made by appellant. All other contentions hinge upon these two.

The trial court submitted to the jury the following special issues:

"Question No. 1. Did the injuries received by the cross-plaintiff, C. A. Anders, on the 16th day of February, A. D. 1924, result in the permanent total incapacity of the said C. A. Anders?"

To this question the jury answered, "Yes." In connection with special issue No. 1, the trial court explained to the jury the meaning of the phrase "permanent total incapacity," and the correctness of that explanation is not questioned by appellant.

"Question No. 2. Did the injuries received by the cross-plaintiff, C. A. Anders, on the 16th day of February, A. D. 1924, result in the permanent partial incapacity of said C. A. Anders?

"Question No. 3. What per cent. of his earning power is he injured?"

The trial court instructed the jury that in the event they should answer special issue No. 1 in the affirmative, then they need not answer special issue No. 2 or special issue No. 3. The fourth special issue was as to whether compensation should be paid to Anders in a lump sum. The jury, having answered special issue No. 1 in the affirmative, made no answer to special issue No. 2 or special issue No. 3, and in answer to special issue No. 4 found that compensation should be paid Anders in a lump sum. It was upon this verdict that the judgment against appellant, as above stated, was rendered.

[1] Apellant's contention that Anders, according to the undisputed testimony, was only entitled to recover compensation for a period of 125 weeks, is based upon its construction of article 8306, § 12, Revised Civil Statutes of 1925. Section 12 of that article reads as follows:

"For the injuries enumerated in the following schedule, the employee shall receive in lieu

of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent. of the average weekly wages of such employee, but not less than $7.00 per week nor exceeding $20.00 per week, for the respective periods stated herein, to wit: * * *

"For the loss of a foot, sixty per cent. of the average weekly wages during one hundred and twenty-five weeks.

"In the foregoing enumerated cases of permanent, partial incapacity, it shall be considered that the permanent loss of the use of a member shall be equivalent to and draw the same compensation as the loss of that member. * *

"In the cases of permanent, partial incapacity, it shall be considered that the permanent loss of the use of the member is equivalent to, and shall draw the same compensation as, the loss of that member; but the compensation in and by said schedule provided shall be in lieu of all other compensation in such cases."

The undisputed evidence in this case shows that both bones in appellee's right leg were broken about 2½ or 3 inches above the ankle, and the large bone was so badly broken that it protruded through the flesh and skin and some of the clothing of appellee. Appellee received immediate treatment by a physician of the Temple Lumber Company, who dressed his leg and fastened the bones together as best he could with a nail. Appellee was then sent to a hospital at Houston, and received further treatment at that place, and a steel plate was placed in his broken leg. Afterwards, appellee was sent to a hospital in Beaumont for treatment of his leg, and, in fact, the record shows that appellee was several times sent to Houston and Beaumont for further treatment of his broken leg. About November, 1925, upon the report of the physician of the Temple Lumber Company, appellant stopped paying compensation to appellee; it being stated in that report, in substance, that appellee had entirely recovered from his injuries. As a matter of fact, the record in this case shows that appellee has not done any character of work since the date of his injury, and he testified upon the trial that on account of the injury and the suffering in consequence of it, he had been unable to do any character of work that required him to be on his feet. The evidence was sufficient to show that at the date of the trial, more than two years after the injury, appellant was totally incapacitated to perform the labor that he had theretofore performed, or any similar kind of labor, for the reason that in attempting to do so his broken leg gave him such pain and suffering that he could not stand to labor. The evidence showed without dispute that at the time of the trial appellee's leg at and above the ankle was still swollen and gave him much pain, and he testified that at times the pain was so acute that he could not stand on his foot. The undisputed evidence further showed that at the date of the trial pus was oozing from the wound in the leg at the point of the break, and also that while at times the wound would seem to heal up for a few days, it would thereafter break out and pus ooze therefrom. Such was the condition of appellee's leg more than two years after the injury. There were some five physicians who testified upon the trial, three of them for appellant and two for appellee. The evidence of the physicians for appellant was, in substance, that there had been a union of the bones in appellee's leg where the break was, and some of them stated that they considered it a good union, and two of appellant's physicians testified, in substance, that it was their opinion that appellee's diminished capacity for labor at the time of the trial was only about 12½ or 15 per cent. One of them, however, stated, in substance, that considering the condition of appellee's leg at the time of the trial, he did not think that appellee could perform other than some kind of light labor. The physicians for appellees, especially one of them, testified upon the trial that the bones in appellee's broken leg had not united, and it is clear from their testimony that on account of the condition of appellee's leg as it was shown to be at the time of the trial, and the suffering that he endured, he was totally unable to perform any character of manual labor that required him to stand on his feet, and we think that, taking the evidence in this case as a whole, it was clearly sufficient to authorize the jury's finding that by reason of the conditions that had resulted from the injury received by appellee, he was totally and permanently disabled to perform manual labor, and we think, also, that it was a reasonable inference or deduction to be drawn by the jury from the evidence that appellee will never be able to perform manual labor that requires him to be on his feet, if the conditions existing at the time of the trial remain substantially the same.

It is contended by able counsel for appellant that the foregoing evidence, as we have substantially stated it, showed clearly that the only injury received by appellee was the loss of the use of his right foot, and that under section 12 of article 8306, supra, he is confined to a recovery of compensation for a period of only 125 weeks, because under that section it is specifically provided that for the loss of a foot, or the use thereof, the compensation cannot be paid for a period greater than 125 weeks. We cannot agree with counsel for appellant in this contention, and think that section 12 of article 8306 does not govern the injury in this case. It is true that appellee has lost the use of his foot, but it is not true that the loss of the use of that member is the only injury that appellee has received. In consequence of the breaking of his leg and its failure to unite, and the constant pain and suffering that appellee has endured, and continues to endure, he has been rendered totally unable to perform manual labor, and it is

probable, as we think, that this condition will continue unless appellee's leg is successfully amputated, thereby relieving him of the constant pain and suffering that he now endures in consequence of the condition of his leg. We know of no provision in the law that requires an employee to have his leg amputated in a case of this character, or otherwise be confined to a recovery of compensation as for the loss of the use of a specific member, as provided in section 12, supra. It is not only the loss of the use of the foot that has resulted to appellee, but on account of the nature of the injury to his leg and the conditions that have set up in consequence of the injury, his pain and suffering is such that he cannot endure to perform manual labor, which, as the record shows, he is only qualified to perform.

Counsel for appellant contend that our holding in the case of Cone v. Texas Employers' Ins. Association, 251 S. W. 263, sustains their contention that appellee's compensation in this case could not exceed a period of 125 weeks. We do not so construe our opinion in that case. What we held there was, in substance, that the employee, Cone, could not recover compensation for a longer period than 125 weeks because by his own pleading and his evidence he had confined himself to a recovery for the loss of his foot. In that case, Cone's leg was amputated about six inches below the knee, and as we construe the statute this meant that he could not recover for the loss of a leg, as he contended, but was confined to a recovery for the loss of a foot. We held that in order to have a recovery for the loss of his leg, he was required to show that the leg was amputated "at or above" the knee, and that since in that case the evidence showed that the leg was amputated six inches below the knee, the recovery must be confined to the loss of Cone's foot. No other injury or disability was pleaded in that case or proved by the evidence. Nor do we think that the case of Texas Employers' Assurance Association v. Moreno (Tex. Com. App.) 277 S. W. 84, sustains appellant's contention on this point. On the contrary, we think that the conclusion reached by our Commission of Appeals in that case, and the reasoning for it, are against appellant's contention in this connection. We also think that the opinion of this court in the case of Millers' Indemnity Underwriters v. Cahal, 257 S. W. 957, is authority against this contention of appellant. In short, we think that the verdict of the jury and the judgment of the court in this case were proper, under section 10, art. 8306, Revised Statutes of 1925. That section is as follows:

"While the incapacity for work resulting from the injury is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent. of his average weekly wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than 401 weeks from the date of the injury."

Here the jury has found that the injury to appellee has totally and permanently incapacitated him for work, not because he has lost the use of his foot only, but because the conditions that have grown out of his injury are such that he cannot perform manual labor of any character, and we think that the evidence was clearly sufficient to sustain that finding. We therefore overrule appellant's contention that the verdict and judgment in this case are erroneous because appellee was not confined to a recovery of compensation for only a period of 125 weeks.

The conclusion we have thus far reached renders it unnecessary to discuss other contentions made by appellant touching the charge of the court and the court's refusal to submit certain special issues requested by appellant. All those contentions are really based upon appellant's construction of section 12 of article 8306, as we have stated it above.

[2] We have reached the conclusion that the evidence in this case is such that we cannot sustain appellant's contention that the verdict and judgment for a lump sum payment to appellee was erroneous. In this connection, the undisputed proof shows that appellee was only qualified to perform manual labor; that he has a wife and one adopted child; that he has no means of support other than such as he could earn by his manual labor; that he continually suffers pain to such extent that he requires attention and will probably require further medical attention and the use of medicine in the attempt to alleviate his suffering. We cannot say upon these facts that the jury was not justified in finding that the compensation recovered by appellee should be paid to him in a lump sum.

We therefore overrule appellant's contention on this point, and it results that the judgment of the trial court should be affirmed, and it has been so ordered.