## STANDARD ACC. INS. CO. v. WILLIAMS. (No. 1023–5199.)

Commission of Appeals of Texas, Section B. March 13, 1929.

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

Marvin Simpson, Leo Brewster, and Frank Rawlings, all of Fort Worth, for defendant in error.

SPEER, J. This is a workmen's compensation case in which defendant in error recovered a lump sum for injuries found to have resulted in total permanent disability. The judgment was affirmed by the Court of Civil Appeals. 4 S.W.(2d) 1023.

But two questions need to be decided. The first is whether or not there is any evidence to authorize the submission of the issue of total permanent disability or to support a finding of the jury that there was such disability. The evidence at this point is not voluminous; neither is it very satisfactory. We have no power to pass upon the sufficiency to convince us, but our jurisdiction is limited to whether or not there is any competent evidence from which the jury might reasonably find such permanent total disability to exist.

It is not necessary to set forth evidence as to the nature of the injuries further than to say they were caused by a fall resulting primarily in a severe injury to the left arm, and the pertinency of further inquiry arises out of the rule that if the injury is alone confined to the arm—a specific member—the statute itself prescribes the measure of damage, and a recovery cannot be had in excess of that amount, even though the effect of the specific injury totally and permanently incapacitates the employee for his accustomed work. If the injury does not extend beyond the member, the loss is definitely and arbitrarily fixed so as not to exceed the complete loss of that member under the statutory scheme of compensation. But we take the rule to be, if an injury to a specific member does not stop with the injury to or loss of that member, but for any reason continues as an injury affecting the body to such extent as to result in permanent or partial total disability, a recovery may be had therefor, even exceeding the statutory compensation for the complete loss of that member. In such a case, the injury is general and not confined to the specific member.

The plaintiff testified: "I have been under the care of a physician the last few months all the time; under the care of Dr. Anderson and Dr. Johnson. I do not know what it is they give me. It is something to ease me so that I can sleep. It hurts in here, this leader drawing in the elbow, right here. It hurts just like a rheumatic pain. * * * Since the date of my injury I have not earned any money at all—practically nothing at all. I have not been able to do anything. I have attempted to work since I got hurt. Mr. Underhill told me he would get me a job, watching, night watching, and I undertook to do that. I just got $12.00 a week and I could not do any good at it and my arm hurt so bad working at night I had to get out."

A doctor testified for the plaintiff: "It has been over a year and it doesn't get better. The condition I have described here would lessen the sense of touch. * * * It seems about a year since I first examined his arm and shoulder. I couldn't say for sure. I think the arm is in about the same condition as it was when I first saw it, possibly a little worse. * * * From the condition I find that arm in, my opinion is he will suffer pain."

From this testimony we cannot say that reasonable minds could not find that the

plaintiff's injuries were permanent and totally disabled him from performing his customary work as a painter and paper hanger. There was therefore no error in submitting the issue, neither was there error in refusing to set aside the verdict thereon.

 The remaining assignments of error complain that the Court of Civil Appeals erred in refusing to consider various assignments in that court, complaining of improper arguments of counsel for the plaintiff. The reason given by the Court of Civil Appeals for refusing to consider the question is that "the assignment and the proposition must specifically refer to a bill of exception and the bill itself must set out sufficient circumstances and facts from which this court may determine that the trial court has erred," in which respects the assignments were deficient.

This reason cannot be sustained in its entirety. There is nothing in the statute or the rules that would require the assignment or the proposition specifically to refer to a bill of exception. It is enough that the assignment as such points out clearly and definitely the particular ruling complained of—this for the purpose of identification. It is sufficient that the proposition as such announce a proposition of law germane to the assignment, and finally the statement must support the proposition and contain the bill of exception or a sufficient excerpt therefrom, where the ruling is preserved by a bill of exception, setting out, as said by the Court of Civil Appeals, sufficient circumstances and facts from which the court may determine that the trial court has erred. We have therefore looked to plaintiff in error's brief in the Court of Civil Appeals, from which we find that the court was abundantly justified for other reasons in disregarding all propositions except the fourteenth, and we have considered that. That proposition was based upon bills of exception Nos. 36 and 38, complaining of intemperate and inflammatory language of counsel for the plaintiff.

 By bill No. 36, it appears that counsel for the plaintiff, in his concluding argument, said: "You gentlemen were prompted to feel of his arm, to test it out, and they exploded like a fire cracker when I suggested that. They exploded like a fire cracker when I suggested that. Why didn't they want you to feel of it? If they knew he was not hurt, why didn't they want you to find it out?" To which the defendant at the time excepted, but the grounds of the objection are not stated. The court appended to this bill the following qualification: "During the trial of the cause one of the jurors requested counsel for plaintiff, the court permitting, for permission to examine plaintiff's arm, and at the time they made the request counsel for the plaintiff stated to the court that the plaintiff had no objection. The court did permit said jurors to examine plaintiff's arm but specifically instructed said jurors and the other ten jurors not to, in any manner or way, discuss or allude to said examination in the consideration of the case; or express their opinion as to what they thought about plaintiff's injuries as a result of said examination; and the court was of the opinion that under the circumstances the argument made by counsel as complained of in the bill of exceptions was not improper."

The bill shows no error. It appears to be undisputed that two of the jurors did feel of the plaintiff's arm. His counsel described the effect of his acquiescence to be that "they," evidently referring to the representatives of the defendant or its attorneys, "exploded like a fire cracker." The bill does not show what the reaction of the attorneys for defendant was further than they "excepted." Of course, the language of counsel for plaintiff was highly figurative and literally "inflammatory." Perhaps he was in error and the pyrotechnics was on his side of the bar. Nevertheless, we see nothing out of the ordinary in this language that was calculated improperly to prejudice the rights of plaintiff in error.

 The thirty-eighth bill of exception has even less merit. By that bill it appears counsel for plaintiff, in his concluding argument, said to the jury: "The man is here with his arm and has submitted it to examination, not only to him but to you." The defendant again "excepted," but the grounds of its objection were not stated. From the undisputed facts, it appears the comment was entirely within counsel's right, for the plaintiff had submitted to examination by doctors who testified for the defendant, and to jurors, as explained by the court's qualification above.

We recommend that the judgments of both courts be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals affirmed.