## DUKE v. CITY NAT. BANK OF FORNEY.
### (No. 3669.)

Court of Civil Appeals of Texas. Texarkana. April 8, 1929.

Rehearing Denied April 11, 1929.

HODGES, J. The appellee, City National Bank of Forney, sued the appellant, Duke, on a note for $1,066.67 and an account for $1,040. The petition alleged that the account was for rents due for the use and occupancy of premises owned by the bank and described as block 47 in the town of Forney. It was also alleged that the bank had a landlord's lien on 700 tons of hay stored on the rented premises. The bank also sought and obtained a writ of sequestration which was levied on the hay. No separate affidavit for the sequestration was made, but the plaintiff's petition was verified and contained the essentials of a proper affidavit. Duke answered by a general denial and a plea in reconvention for damages for the seizure of the hay under the writ of sequestration. He also pleaded, by way of cross-action, alleging that block 47 constituted his business homestead, and that while he had previously conveyed the same to the bank by deed, that deed was in fact only a mortgage for the purpose of securing a pre-existing debt; that it was agreed that upon payment of the debt the property would be reconveyed to him by the bank. He further alleged that at the time the deed was executed he agreed to pay the bank, as rent for the property, an amount equivalent to 8 per cent. on the indebtedness secured by the deed.

A. B. Flannery intervened in the suit, claiming a prior lien on a portion of the hay seized under the writ of sequestration. However, that claim was settled in a manner which renders further notice of it unnecessary in disposing of this appeal.

In a trial before a jury a judgment was rendered in favor of the bank upon all the issues involved.

The evidence shows that the bank claimed title to block 47 under a deed in the form of an absolute conveyance executed by Duke and his wife in November, 1926. Duke claimed that while this deed purported to be an absolute conveyance of the property, it was in fact intended only as a mortgage to secure a debt of approximately $6,500 which he at the time owed the bank. The judgment disposing of that claim is based upon a negative answer returned by the jury to the following special issue: "Does the evidence show that the deed from C. L. Duke and wife to the plaintiff, the City National Bank of Forney, dated November 3, 1926, was intended by C. L. Duke and the officials of the City National Bank as a mortgage or security for a debt?" At the instance of the plaintiff in the suit the court gave the following explanatory instruction: "In connection with special issue No. 1 of the main charge you are instructed that the burden of proof is upon the defendant to prove by a preponderance of the evidence that the deed was intended by both the plaintiff and defendant

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, and G. O. Crisp, of Kaufman, for appellant.

W. H. Barnes, of Forney, and Thos. R. Bond, of Terrell, for appellee.

to convey title in consideration of the cancellation of a note mentioned in the alleged deed. If you find that defendant has failed to so prove, then you will answer special issue, no."

In the assignments presented there is no attack upon the sufficiency of the evidence to support the findings of the jury upon that or any other issue submitted. Appellant objects to the form in which the issue was submitted, and to the accompanying explanatory statement. He also complains of the refusal of the court to give the following special charges:

"Was the deed dated November 3, 1926, executed by C. L. Duke and wife, Maurine Duke, to the City National Bank of Forney, intended by C. L. Duke and Maurine Duke, or either of them, to be a mortgage?"

"Was it understood between C. L. Duke and wife and the City National Bank of Forney or C. C. Jordan or J. J. Roddy that the deed executed by C. L. Duke and wife to the City National Bank of Forney was to be held by the bank as security for the indebtedness of Duke to the bank?"

The objections to the charge as given are: (1) That it is a general charge, and undertakes to tell the jury how to answer the questions. (2) That it gives undue prominence to the burden of proof, in view of the fact that the court in its main charge had already instructed upon that issue. (3) That the charged placed a greater burden upon the appellant than the law required.

In the cross-action for the cancellation of the deed, the appellant was in the attitude of a plaintiff seeking affirmative relief, and therefore had the burden of proving the facts upon which he relied for a recovery. The testimony relating to that issue was somewhat conflicting. In that state of the evidence it was not improper for the court to instruct the jury as to who had the burden of proof. There had been no other charge on that subject, and the special instruction did not give any undue prominence or emphasis to the issue as to the burden of proof. Nor do we think the explanatory statement was subject to the objection that it was a general charge. Levy v. Jarrett (Tex. Civ. App.) 198 S. W. 333; Texas Power & Light Co. v. Bristow (Tex. Civ. App.) 213 S. W. 702.

The first special issue which the appellant requested the court to submit was properly refused. It was based upon the proposition that if the grantors alone intended that the deed should be a mortgage that fact was legally sufficient to give it that effect. We do not think the proposition sound. The deed was upon its face a conveyance in fee. simple. To make it a conveyance in trust to secure a debt would require proof of a contract to that effect entered into by the parties to the deed at the time it was delivered. The secret intentions of the grantors alone are not sufficient to impress a trust on such an instrument. Miller v. Yturria, 69 Tex. 549, 7 S. W. 209.

Nor do we think there was any error. in the refusal of the court to submit the second issue requested by the appellants. That issue was practically covered by one which the court did submit.

Complaint is also made of the refusal of the court to quash the writ of sequestration because neither the verified petition nor the writ described in detail the property to be seized. The petition and writ described the property as "700 tons of baled hay situated on Block 47 in the Town of Forney." We are of the opinion that the description was sufficient. But even if it was not sufficient, there was no evidence of any damages resulting from the levy of the writ, nor is there in the record any complaint of the judgment rendered against Duke upon the note and account sued on, or that foreclosing the lien on the hay.

The deed appears to have been acknowledged before W. H. Barnes, a notary public. The evidence shows that Barnes was a retained attorney for the bank, but there is no evidence that he was acting for the bank in that transaction. Mrs. Duke testified that the deed was explained to her as not being a sale, but that the bank was to hold it until her husband could take it up; that Barnes in taking her acknowledgment asked her if she understood the purpose of the deed, and that she told him she understood it was not to be a sale, but that the bank was to hold it as security for the debt. The appellant contends that the bank, by reason of its relationship to Barnes, was charged with notice of the statements made to Barnes by Mrs. Duke on that occasion. Barnes testified that he fully explained the deed to Mrs. Duke, and that no such statements as those to which she testified were made to him. The issue was clearly submitted, and the conflicts in the testimony were determined in favor of the bank by the findings of the jury. The judgment will therefore be affirmed.