## MARYLAND CASUALTY CO. v. BOVERIE.

### No. 819.

Court of Civil Appeals of Texas. Eastland.
March 13, 1931.

Rehearing Denied April 10, 1931.

Kemp & Nagle, of El Paso, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellee.

HICKMAN, C. J.

The appeal is from a judgment of the district court awarding to appellee damages in the sum of $5,980.86, payable in a lump sum, on the findings of a jury of total permanent incapacity. The case came to the district court on an appeal by appellant from an award of the Industrial Accident Board. Appellee claimed that his left arm was crushed and that he received other injuries, the whole resulting in total permanent incapacity. An understanding of the questions presented to this court for decision may be had without any further statement of the nature of the case than that disclosed in certain issues submitted to the jury and the answers thereto, as follows:

"Special Issue No. 1: Did the defendant J. A. Boverie sustain personal injuries on the 17th day of February, A. D. 1929? Answer Yes or No. Answer Yes.

"Special Issue No. 2: Were the injuries, if any, sustained by the said J. A. Boverie while he was in the course of his employment for the said F. H. E. Oil Company? Answer Yes or No. Answer Yes.

"Special Issue No. 3: Was J. A. Boverie totally incapacitated for work on the 17th day of February, 1929, as a result of his said injuries, if any, so sustained by him on said date? Answer Yes or No. Answer Yes.

"Special Issue No. 4: Was such total incapacity, if any, permanent? Answer Yes or No. Answer Yes.

"Special Issue No. 5: Did the said J. A. Boverie on the 17th day of February, 1929, while working for the F. H. E. Oil Company, sustain injuries, if any, to his said body, other than the injuries he sustained to the left arm, if any? Answer Yes or No. Answer Yes.

"Special Issue No. 6: Are any of the injuries, if any, other than to the left arm, if any, permanent? Answer Yes or No. Answer Yes.

"Special Issue No. 11: Is this a special case and one in which manifest hardship and injustice will result to J. A. Boverie, if his said compensation is not paid in a lump sum? Answer Yes or No. Answer Yes.

"Special Issue No. 12: Does such incapacity for work, if any, result directly and proximately from the injuries, if any, sustained by the said J. A. Boverie on the 17th day of February, 1929, and the diseases and infections naturally resulting therefrom, if any? Answer Yes or No. Answer Yes."

Appellant's brief contains thirteen propositions, but only three questions for decision are presented thereby; namely (1) the sufficiency of the evidence to support the various findings of the jury; (2) the correctness of the court's charge on the burden of proof; and (3) the failure of the court to define "preponderance of the evidence." These questions will be considered in their order.

It is well settled that, if an injured employee sustains injuries other than to a specific member of his body, such employee is entitled to compensation under the general provisions of the Workmen's Compensation Act, and is not limited to that compensation provided for the loss of a specific member. Texas Employers' Ins. Ass'n v. Moreno (Tex. Com. App.) 277 S. W. 84; Petroleum Casualty Co. v. Seale (Tex. Com. App.) 13 S.W.(2d) 364; Standard Accident Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015.

The first question for determination is thus narrowed down to a consideration of whether the record contains sufficient evidence to support the findings of the jury on the various issues with reference to the character and extent of appellee's injuries.

Some eight doctors gave testimony in the case, and the findings of the jury are contrary to the testimony of six of these doctors, but are supported by the testimony of Drs. Thompson and French. The real contention of appellant, as we understand it, is that we should disregard the opinion of these two doctors. The contention is not made that their testimony, if believed, would not support the findings. A similar question was presented to us in the case of Texas Employers' Ins. Ass'n v. Clark, 23 S.W.(2d) 405, where appellee's theory was supported by the opinion of but one doctor as against the opinion of many testifying for appellant, and we there held that the conflict presented a fact issue for the determination of the jury, and that we would not be authorized to disturb the finding with reference thereto. Every fact finding of the jury in this case is supported by sufficient testimony to present a jury question on the credibility of the witnesses and the weight to be given to their testimony, and we would be unauthorized, under the established rules relating to the powers of Courts of Civil Appeals, to disturb these findings.

The court's charge on the burden of proof was as follows: "The burden of proof is upon the defendant to establish by preponderance of the evidence the affirmative answers to Special Issues Nos. 1, 2, 3, 4, 5, 6, 6A,

7, 9, 10, 11 and 12, and the number of weeks of Special Issue No. 8, and the percentage of partial incapacity under 10 (a)."

To this charge appellant timely made the following objection and exception: "Plaintiff objects and excepts to the portion of the court's charge on the burden of proof, for the reason that the same is a general charge and instructs the jury how to answer the issues in order to return a verdict in favor of the defendant, and upon which judgment might be entered for the defendant, and is prejudicial to the plaintiff."

The overruling of this objection and exception is assigned as error. The assignment is overruled. H. & T. C. Ry. Co. v. Stevenson (Tex. Com. App.) 29 S.W.(2d) 995; Duke v. City Nat. Bank of Forney (Tex. Civ. App.) 16 S.W.(2d) 557; Reed v. Bates (Tex. Civ. App.) 32 S.W.(2d) 216; Register v. Lang (Tex. Civ. App.) 33 S.W.(2d) 230; Sewall Paint & Glass Co. v. Booth Lbr. & Loan Co. (Tex. Civ. App.) 34 S.W.(2d) 650.

Appellant cites the opinion of this court in the case of Texas & Pacific Ry. Co. v. Bufkin, 19 S.W.(2d) 343. The charge condemned by this court in that case was as follows: "You are charged as the law in all civil actions that the plaintiff must prove his allegations by a preponderance of the evidence. And you are also charged that the defendant must also prove his allegations by a preponderance of the evidence."

There is an obvious difference between that charge and the one given in the instant case.

The term "preponderance of the evidence" is not a legal term within the meaning of article 2189, R. S. 1925, and the court did not err in refusing to define same to the jury. Stine Oil & Gas Co. v. English (Tex. Civ. App.) 185 S. W. 1009.

No reversible error is pointed out, and none appears on the face of the record. It is therefore our order that the judgment of the trial court be affirmed.