### HENRY et al. v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 2686.

Court of Civil Appeals of Texas. El Paso.
June 16, 1932.

White & Yarborough, of Dallas, for appellants.

Shelby S. Cox, Wm. M. Cramer, and Lawther, Cox & Cramer, all of Dallas, for appellee.

### HIGGINS, J.

This is a suit by appellant under the Workmen's Compensation Act to set aside an award of the Industrial Accident Board in favor of Mrs. Henry, but with which she was dissatisfied. The award of the board allowed compensation for the amputation of an arm above the elbow and fixed such compensation at the rate of $9.52 per week, for a period of 200 weeks, beginning June 18, 1930. On said date Mrs. Henry was an employee of the Chase Bag Company, and in the course of her employment was engaged in operating a printing press. While so engaged, her left arm became entangled in the press, and was so mangled that it became necessary to amputate the arm above the elbow. In addition to this injury, she alleged other injuries sustained upon the occasion in question, all of which she averred produced total and permanent incapacity. A lump sum settlement was sought.

The case was submitted upon special issues, some of which were conditionally submitted.

The issues answered and the answers thereto read:

"Special Issue No. 1: Do you find from a preponderance of the evidence, that Mrs. Hazel Henry on June 18th, 1930, sustained injuries other than those usually and ordinarily accompanying and following the amputation of an arm above the elbow? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 2: Do you find from a preponderance of the evidence that Mrs. Hazel Henry at the time she sustained such other injuries, if any, was an employee of the Chase Bag Co? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 3: Do you find from a preponderance of the evidence that Mrs. Hazel Henry sustained such other injuries, if any, while in the course of her employment as an employee of the Chase Bag Co. Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered Special Issue No. 1, 'Yes,' then you will answer Special Issue No. 4; but if you have answered Special Issue No. 1, 'No,' do not answer Special Issue No. 4.

"Special Issue No. 4: Do you find from a

preponderance of the evidence that Mrs. Hazel Henry sustained total incapacity as a natural result of such other injuries, if any? Answer 'Yes' or 'No.' Answer: No.

"Special Issue No. 8: Do you find from a preponderance of the evidence that Mrs. Hazel Henry has sustained partial incapacity as a result of such other injuries, if any? Answer 'Yes' or 'No.' Answer: Yes.

"If you have answered Special Issue No. 8 'Yes,' then you will answer Special Issue No. 9; but if you have answered Special Issue No. 8, 'No,' do not answer Special Issue No. 9.

"Special Issue No. 9: Do you find from a preponderance of the evidence that such partial incapacity, if any, is permanent? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 11: What percentage of partial incapacity, if any, do you find from a preponderance of the evidence that Mrs. Hazel Henry has sustained during the period, if any, you have found she will be partially incapacitated as a result of such other injuries, if any?

"Answer by giving the percentage, if any.

"Answer: 60 percentage."

Upon such findings judgment was rendered awarding compensation from the date of injury at the rate of $9.35 per week for 200 weeks and thereafter at the rate of $5.61 per week for 100 weeks.

From this judgment the plaintiffs appeal.

At the beginning it may be stated that plaintiffs are seeking to have compensation allowed upon the basis of total permanent incapacity as for general injury rather than compensation based upon a specific injury, which in this case is the loss of an arm. In a proper case this is allowable. Texas, etc., v. Lemons (Tex. Civ. App.) 33 S.W.(2d) 251.

Our conclusions disposing of the questions presented by the numerous assignments and propositions will be briefly stated. There is no occasion for extended discussion, for the case presents no complication of fact or uncertainty of law, and was tried and submitted by the learned trial judge in an admirable way.

We overrule the proposition to the effect that the evidence shows Mrs. Henry is totally incapacitated by all of her injuries. There is no evidence of physical injury except to her arm. It appears that, since the injury and amputation, she has suffered from pain, nervousness, sleeplessness, and indigestion, and her medical experts testify this condition is probably permanent and totally incapacitates her. They do not assert the amputation was improperly or unskillfully performed, and it may be doubted whether her evidence raises any issue which would warrant the allowance of compensation upon any basis except as for the loss of an arm. Petroleum Co. v. Seale (Tex. Com. App.) 13 S.W.(2d) 364; Standard A. Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015; Texas, etc., v. Lemons, supra.

However, the testimony of Dr. Tomasson raises an issue in respect to these matters, and the proposition urged is without merit.

Complaint is made of the refusal to submit various charges and issues requested by appellants. This presents no error, for the reason that some of the issues requested related to undisputed facts which by the judgment rendered were necessarily found in favor of plaintiffs. As to the other requested issues and charges, they were fully and correctly covered by the court's charge.

A number of exceptions were taken to the court's charge, all of which are without merit.

The argument of counsel was not improper when considered in the light of the qualifications to the bills of exception.

Affirmed.