## FITZGERALD v. SOUTHERN SURETY CO. OF NEW YORK.

### No. 2651.

Court of Civil Appeals of Texas. Beaumont.

Oct. 23, 1934.

Rehearing Denied Oct. 31, 1934.

Knetsch, Stevenson & Knetsch, of Seguin, and Dan Moody, of Austin, for plaintiff in error.

White, Taylor & Gardner, of Austin, and Wirtz & Weinert, of Seguin, for defendant in error.

WALKER, Chief Justice.

This is a compensation case. Plaintiff in error, O. T. Fitzgerald, an oil well driller, was the employee, and defendant in error, Southern Surety Company of New York, the insurance carrier. On the 24th day of February, 1930, while in the course of his employment as an oil well driller, plaintiff in error received a severe injury resulting in the amputation of his leg one and a half inches below the knee and the loss of one-third of the ring finger on the right hand. In recognition of its liability, defendant in error paid plaintiff in error $2,000 compensation, together with his medical and hospital bills. The claim was finally adjudicated by the Industrial Accident Board. Defendant in error appealed from its award to the district court. Plaintiff in error answered claiming permanent total disability. On trial to the court without a jury plaintiff in error was awarded judgment as for the loss of the foot for 125 weeks at $20 per week and for the loss of one-third of his finger 7 weeks at $20 per week, making a total award of $2,-650, which was credited with the $2,000 payment made, as stated above. The appeal was prosecuted to the San Antonio Court of Civil Appeals by Fitzgerald; transferred to this court by orders of the Supreme Court.

Plaintiff in error's contention that he established permanent total incapacity, as a matter of law, must be overruled. The only witnesses were plaintiff in error, his wife, his friend, E. C. Brogan, and Dr. A. H. Neighbors, who treated him at the time of his injury. Dr. Neighbors' testimony went no further than to describe the injuries at the time they were received, the amputation of the leg, etc. His testimony had no bearing on the issue of permanent total disability except as such might result from the loss of the limb and injury to the finger. Mr. Brogan's testimony was merely to the effect that plaintiff in error was a strong, able-bodied man before the injury and since his injury was nervous and would never again be able to perform the

work of an oil well driller. The testimony of plaintiff in error and his wife on the issue of permanent total incapacity was to the effect that he was nervous, had not had employment, etc., and before his injury was an able-bodied workman. The extent of plaintiff in error's incapacity was clearly a fact question to be determined by the court. There is no merit in the contention that because plaintiff in error would never again be able to perform the work of an oil well driller he had suffered permanent total disability. His injury was specific under the statute and, though it resulted in the loss of his regular means of employment, yet he cannot recover beyond the compensation allowed for the specific injury. This was affirmatively held by the Commission of Appeals in Petroleum Casualty Co. v. Seale, 13 S.W.(2d) 364, 365, where it was said: "Defendant in error insists that he is incapacitated from performing the character of labor for which he is fitted on account of the permanent partial loss of the use of his foot. In like manner, any employee who labors and loses his foot entirely, or the complete use thereof, is disabled from following his avocation. If defendant in error is permitted to recover a greater sum for a specific injury to a member of his body than is provided for the complete loss of the member, we see no reason why a person who has lost his foot by amputation or has lost the complete use thereof cannot, by a similar allegation, be permitted to recover a greater amount than is provided for in the schedule for such specific injuries under section 12 [Rev. St. 1925, art. 8306]. The Legislature has seen fit to provide a definite and fixed compensation for the loss of a member of the body; hence a person who loses his foot could not, by pleading total incapacity to labor on account thereof, be compensated under any other provision of the act than that which applies to the specific member which he has lost. This being true, it follows that, when a person has suffered a permanent partial incapacity to a specific member of the body, which is not complicated by any other injury, he cannot extend his recovery by alleging that by reason of such injury he is incapacitated from performing manual labor. It was the clear purpose of the Legislature in making specific provision for recovery for loss of a member or the use thereof, to confine a person receiving such an injury to a recovery therein named. If the compensation allowed for the specific injuries named in section 12 is insufficient, the remedy lies, not with the courts, but with the law-making body." See,

also, the opinion of Judge Speer, speaking for the Commission of Appeals, in Standard Accident Ins. Co. v. Williams, 14 S.W.(2d) 1015. The same authority denies the contention of plaintiff in error that he had suffered total disability for a period of 167 weeks from the date of his injury to the date of the trial of this case. This contention rests, as a matter of law, upon the point that since he could not perform the work of an oil well driller he was totally incapacitated.

 The contention is also denied that plaintiff in error had suffered the loss of his leg. In so far as the issue as to whether plaintiff in error had lost his foot or his leg was a fact question, the issue was resolved against him by the trial court. It cannot be said, as a matter of law, that the injury constituted the loss of the leg under our Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.). See Cone v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 251 S. W. 262.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.