## SOUTHERN UNDERWRITERS et al. v. WEST.

### No. 11031.

Court of Civil Appeals of Texas. San Antonio.

June 11, 1941.

Rehearing Denied July 2, 1941.

See, also, 126 S.W.2d 510.

Will R. Saunders, of Dallas, and Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellants.

Chas. J. Lieck and H. K. Stanfield, both of San Antonio, for appellee.

NORVELL, Justice.

This is a workmen's compensation case. Judgment was entered for appellee, S. O. West, against the appellants, The Southern Underwriters and United Employers Casualty Company, upon a special issue jury verdict; the jury finding that appellee in the course of his employment with Ben F. Smith (the employer) sustained injuries to his head, neck and back, which incapacitated him, totally and permanently.

Appellants present five propositions, the first of which presents the contention that the trial court erred in overruling a special exception to appellee's peti-

tion, wherein it is alleged that appellee while working around the oil well drilling equipment of the employer, and performing his duties while in the scope of his employment, had an accident which resulted in serious and permanent injuries and disabilities. The petition then sets out in detail the nature of the injuries sustained.

Appellants rely upon the case of Southern Underwriters v. Dykes, Tex.Civ.App., 145 S.W.2d 1105, which holds that an allegation that death resulted from an accident which caused various severe internal and external injuries is subject to a special exception because of uncertainty. The petition in this case is specific in regard to the nature of the injuries sustained, and the allegations above quoted, taken with the allegation also appearing in the petition to the effect that appellee was employed as a roughneck in connection with the drilling of oil wells, lead us to the conclusion that the pleading was not subject to the exception lodged against it. It is sufficiently alleged that the accident took place while appellee was performing the duties of his employment. Appellants' first proposition is overruled.

■ Appellants' second and third propositions assert that the trial court erred in refusing to instruct the jury that neither impairment of the hearing nor the total and partial loss of hearing in one ear constitutes a permanent incapacity to labor under the provisions of the Workmen's Compensation Law, Vernon's Ann.Civ.St. art 8306 et seq.

Appellants rely upon Maryland Casualty Co. v. Dicken, Tex.Civ.App., 80 S.W.2d 800, which held that it was reversible error for a trial court to refuse to submit to the jury as defensive issues the question of whether or not a partial impairment of hearing was the only injury sustained as a result of an accident. In the case at bar, these issues were submitted to the jury, and answered unfavorable to appellants. This makes it unnecessary for us to express an opinion in regard to the soundness of certain conclusions expressed in the Dicken opinion. We do not construe said opinion as holding that it is reversible error to refuse the special instructions mentioned therein (which are similar to those requested in this case) when the question of partial deafness only resulting from an injury is submitted. The ground of reversal seems to be based upon the refusal to submit the issues and not the refusal to give the special instructions.

We hold that it was not error, in view of the record of this case, for the trial court to refuse the special instructions above mentioned. Appellants' second and third propositions are overruled.

■■ Appellants next contend that the trial court should have submitted an issue inquiring as to what degree or percentage of appellee's incapacity was due solely to loss of hearing in appellee's right ear.

The requested issue presupposes that some injury other than to the ear contributed to the incapacity. It seems to be appellants' theory that, although the incapacity be total, if a certain percentage thereof be attributed to an impairment of hearing, such percentage should be deducted from the amount of the award. This contention is wholly without merit. Standard Accident Ins. Co. v. Williams, Tex.Com.App., 14 S.W.2d 1015, 45 Tex.Jur. 612, § 178. Appellants' fourth proposition is overruled.

■ Appellants' fifth proposition is based upon an objection made to special issue No. 8, as submitted by the court, inquiring as to whether or not appellee suffered a partial incapacity as a result of his injuries; the objection being that the issue was not framed so as to allow the jury to find upon any partial incapacity which might occur in the future.

We need not pass upon the question of whether or not under the evidence appellant was entitled to a submission of partial incapacity occurring in the future had proper request for such submission been made, nor the question of whether or not this issue was actually or properly submitted by the trial court in the fifty-one questions which the jury in this case was called upon to consider. It is sufficient to say that special issue No. 8, was correctly submitted in proper form and that an objection to a properly submitted issue can not be construed as a request for the submission of another and distinct issue under a different or modified theory of defense. 41 Tex.Jur. 1055, § 248. Appellants' fifth proposition is overruled.

The judgment of the trial court is affirmed.