GREAT AMERICAN INDEMNITY CO. v. SAMS.

No. 4110.

Court of Civil Appeals of Texas. Beaumont.

March 11, 1943.

Rehearing Denied April 7, 1943.

Sharfstein, Bell & Weinert, of Beaumont, for appellant.

Adams, Hart & Daughtry, of Beaumont, for appellee.

COMBS, Justice.

This is a workman's compensation case. The claimant, M. Sams, suffered an injury while cleaning an oil tank. He slipped and fell to the floor on some pipes, fracturing his left wrist. The particular damage to the wrist and arm was alleged in detail and by pleading and proof the issue was made that plaintiff suffered a general disability because of the extension of the results of such injury throughout his body. The insurance carrier's principal defense was that the plaintiff sustained only a specific injury, loss of the use of the left arm. The jury returned a verdict of general disability and on the jury's findings judgment was entered for plaintiff as for total, permanent disability.

The sufficiency of the evidence to support the findings is not challenged. The points on appeal complain of alleged errors in the submission of the case to the jury, failure to give a requested issue, failure to give certain requested instructions, as well as objections to the form of certain issues and instructions that were given by the court. These assignments are all predicated upon appellant's theory that the trial court failed to submit adequately its defense, clearly raised by the evidence, that plaintiff suffered a specific injury only and failed to require the jury to eliminate from its consideration in determining the general disability, such disability as resulted naturally from the loss of the use of the specific member.

Appellant's first point is as follows: "The court having submitted Issue I-A inquiring as to whether or not plaintiff's injury affected his body generally, it was error to refuse appellant's tendered Issue No. R inquiring as to whether or not such effect of the particular injury sustained (a fracturing of plaintiff's left wrist)

on plaintiff's body generally, was but the usual and recognized results accompanying and following the sustaining of the particular injury."

We think the trial court properly refused to submit the requested issue. It did not inquire as to any controlling or material fact. The controlling fact in this case is whether plaintiff's injury is general or specific. If, as the jury found in response to certain issues, the injury is not limited to the loss of the use of the arm, but as found in response to issue I-A referred to in the assignment, it affects plaintiff's body generally, then he is entitled to recover for a general rather than a specific injury. 45 Tex.Jur., p. 612; Maryland Casualty Co. v. Donnelly, Tex.Civ. App., 50 S.W.2d 388; Standard Accident Insurance Co. v. Williams, Tex.Com.App., 14 S.W.2d 1015. The medical testimony was to the effect that the wrist and forearm has suffered an impacted fracture, the bones and ligaments being so injured and misplaced as to destroy the wrist joint; that the bones cannot knit together or ankylose; that such condition irritates the nerves of the wrist and arm causing pain to extend into the neck, shoulder and back; that use of the arm and wrist will always cause pain; that plaintiff cannot do manual labor, and that such condition is permanent. If, then, as the jury found, the injury to the arm thus affects plaintiff's body generally, it is immaterial whether such effect is the unexpected and unusual, or merely the "usual and recognized results accompanying and following" such wrist injury.

What we have said above disposes of plaintiff's other assignments, which all complain of the refusal of the trial court to so frame the issues and instructions as to require the jury to disregard all testimony of a general disability "resulting solely from the usual and recognized results" of the injury to the wrist. It has been held, as contended by appellant, that where a claimant has suffered incapacity to a specific member which is not complicated by any other injury, he cannot extend his recovery merely by showing that by reason of such specific injury he is incapacitated from performing manual labor. Petroleum Casualty Co. v. Seale, Tex.Com. App., 13 S.W.2d 364. A reading of later authorities will show that the doctrine of the Seale case has been modified considerably. But be that as it may, we under-

stand this rule to mean only that the claimant must show not merely that he has a general incapacity by reason of the loss of or damage to the specific member, but that he must go further and show also that such general disability results from an extension of the physical injury itself so that said injury, and the results flowing from it, extend to and affect other parts of his body. When he does so he is entitled to be compensated for his incapacity as for a general injury. Lumbermen's Recip. Ass'n v. Anders, Tex.Civ.App., 292 S.W. 265, 267; Standard Acc. Ins. Co. v. Williams, Tex.Com.App., 14 S.W.2d 1015. We think this question was fully and correctly submitted to the jury by the issue which inquired whether or not the injury to the arm affects plaintiff's body generally, and by issues inquiring whether or not plaintiff's disability or incapacity is limited to the loss of the use of the arm, the forearm or the hand alone.

In the final analysis appellant predicates its propositions in this court on the theory that since loss of a specific member, such as an arm, results naturally in some general disability—some lessening of a laborer's capacity to work—such fact ought to be taken into account in determining the extent of disability where recovery is sought for a general disability resulting from injury to a specific member. Its requested issue and its requested instructions in this case are all aimed at requiring the jury to apportion the resulting incapacity between the general and the specific injury, and thereby to reduce its finding of the extent of general disability by eliminating therefrom whatever part of it can be traced to loss of use of the member alone. There can be no such splitting up of the disability as between the specific and the general injury. Either the plaintiff is entitled to recover for his disability as for a general injury or his recovery must be limited to the amount fixed by statute for loss or damage to the specific member. Here the jury found on evidence, the sufficiency of which is not challenged, that the injury to plaintiff's wrist and arm extends to and affects other parts of his body with the result that he is thereby totally and permanently incapacitated. Those findings eliminate from consideration any question of specific injury.

The judgment of the trial court is affirmed.