## ÆTNA LIFE INS. CO. v. BULGIER et al.
### (No. 10527.)

Court of Civil Appeals of Texas. Dallas. June 8, 1929.

Rehearing Denied July 6, 1929.

Harry P. Lawther and H. B. Sanders, both of Dallas, for appellant.

White & Yarborough, of Dallas, for appellees.

JONES, C. J. This is a compensation suit filed by appellees, Mrs. Ida Mae Bulgier and her husband, F. R. Bulgier, against the Ætna Life Insurance Company, appellant, to set aside an award theretofore made by the Industrial Accident Board in favor of the wife, and from a judgment setting aside the award and allowing damages in a larger sum appellant has duly perfected its appeal to this court.

The major questions involved on this appeal are: (a) Whether an injured employee, who has given notice to the Industrial Accident Board and the insurer that the injury suffered consists of a broken arm near the wrist, and specifically described as three fractures of the distal end of the right radius, in a suit in the district court to set aside an award of said board, can allege in the petition, and offer evidence to prove the fact, that this specific injury resulted in permanent total disability, because it extended to and involved other portions of the body and thereby totally and permanently incapacitated such injured employee from performing any kind of manual labor; and (b) whether the fact that the injured employee performed the same character of labor for about 30 weeks subsequent to the injury, as a matter of law, excludes a claim that the injuries resulted in total permanent disability. The following is deemed a sufficient statement of the case for an understanding of these issues:

Mrs. Bulgier, who will hereafter be designated as appellee, was an employee of the Marcy Lee Manufacturing Company in the city of Dallas. Such company was entitled to workmen's compensation insurance, covering injuries to its employees, and appellant issued to it such a policy of insurance under the Workmen's Compensation Law. While Mrs. Bulgier was in the performance of work incident to her employment, on August 24, 1926, she accidently fell on or against a line shaft with her weight on her right arm, resulting in a fracture in three places at the distal end of the radius. Appellee was taken to her home and placed under medical treatment and for several weeks was under the care of physicians. About the middle of March, 1927, she returned to the same character of work for her employer, and continued in such work until the middle of August, 1927, when she ceased work, until the latter part of November, 1927, when she again returned and worked in such employment until about the middle of January, 1928, when she ceased work and, outside of some household duties, has not performed any work, except what she described as light work for about

a week for another employer. From the time she was injured to her again resuming work, there elapsed a period of 30 weeks, during which time appellant paid to her each week for 29 weeks the sum of $7 per week, omitting, under the law, the first week. No sum has been paid her since said time. This sum of $7 per week was the maximum amount allowed by law for any character of injury, her average weekly wage at the time of her injury being approximately $11 per week. The statutory notice of her injury was given the Industrial Accident Board September 2, 1926, on a form prepared by such board. This claim was made in duplicate and a copy received by appellant. In this claim the injury is described as "a fracture of distal end of right radius, fractured in three places."

Appellee's pleadings in effect alleged that the injury she received to her arm and wrist on the occasion of her fall, not only prevented the use of such limb in the performance of any kind of manual labor, but also that the manner in which such fractures healed resulted in the impingement of certain nerves that caused the attempted use of such arm to be attended with great pain throughout her arm and shoulders, and that, as a result of such injuries and the impingement and injury to the nerves radiating from her wrist and arm, she suffered injury to her shoulders, back, and spine, which rendered very painful any attempt to do any kind of labor, and, as a result, she became and is totally and permanently disabled from doing any kind of physical labor. The pleadings in this respect are full and complete, but we believe they are fairly epitomized in the above statement. She claimed as damages the maximum allowance of 400 weeks for total permanent incapacity. Appellant's defensive issues raised, both by exceptions to the petition and by affirmative allegations, all of the defensive issues herein claimed and made the basis of this appeal. Its theory is that by the payment of the maximum weekly allowance for 29 weeks, the time for which appellee was allowed payment under the law until she returned to work, together with the length of time she actually worked after such return, fully satisfied all legal demands upon it. If mistaken in this, however, it also contended, by appropriate pleadings, that appellee's injury was a specific injury to the arm, for which the law fixed certain payments during the period elapsing from the injury to the end of the time of total incapacity in the use of said arm, and during the time of partial incapacity, provided that no compensation could be paid to appellee for such specific injury to the arm for any kind of incapacity for a longer period than 150 weeks. It is also contended that appellee, having given notice only of an injury confined to the arm and having made this the basis of the claim filed, cannot claim damages for a general injury in the suit in the district court, even though such general injury resulted from the specific injury. This theory is supported by appropriate pleadings, and all of the questions raised on this appeal were properly saved in the trial court and are properly presented here.

The case was submitted to the jury on special issues under a very carefully prepared charge by the trial court, and the verdict rendered authorized the judgment entered. This judgment in effect is that appellee was totally incapacitated for a period of 300 weeks, as a natural result of the injury she received on August 24, 1926, and awarded to her in a lump sum the amount of $7 per week from the date of the injury to the date of the judgment, less a credit of 29 weeks at $7 per week, which appellant had theretofore paid. It allowed interest on the weekly payments that had matured after the time appellant ceased payment to the date of the judgment; and further decreed that appellant pay the sum of $7 per week for the remainder of said 300 weeks; it also directed that two-thirds of each payment decreed by the judgment should be paid to appellee, and one-third should be paid to her attorneys, Messrs. White & Yarborough, as a reasonable attorney fee for prosecuting this suit. The judgment further set aside the award of the Industrial Accident Board. We adopt the findings of the jury as the findings of this court, all of them being supported by substantial evidence, though on the special issues contested by appellant, the evidence was in sharp conflict.

We overrule appellant's contention that appellee, having given notice to appellant and to the accident board of a specific injury, to wit, an injury affecting the right arm, in that there were fractures on the bones of said arm in and around the wrist, that she is held, under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), to a claim for only a specific injury to the arm. We do not understand this to be the construction given the law by our higher courts in cases where the ultimate result of such injury was not confined to the injured member. The intention of the law is to give full remuneration under its schedule of allowances for the injury actually received, and the results actually flowing from such injury. If there be an injured arm, as in this case, and the results are confined to such arm, then the injury is specific; if the results are not confined to the arm, but extend to other parts of the body, then the injury is general. Standard Acc. Ins. Co. v. Williams (Tex. Com. App.) 14 S.W.(2d) 1015; Southern Surety Co. v. Lacoste (Tex. Civ. App.) 7 S.W.(2d) 197; Petroleum Casualty Co. v. Seale et al. (Tex. Com. App.) 13 S.W.(2d) 364; Lumbermen's Reciprocal Ass'n v. Anders et al. (Tex. Civ. App.) 292 S. W. 265.

824

This position is so well stated by Judge Speer, of the Commission of Appeals, in the very recent case of Standard Acc. Ins. Co. v. Williams, supra, that we shall quote therefrom. The court was considering this very question, and the opinion says: "It is not necessary to set forth evidence as to the nature of the injuries further than to say they were caused by a fall resulting primarily in a severe injury to the left arm, and the pertinency of further inquiry arises out of the rule that if the injury is alone confined to the arm—a specific member—the statute itself prescribes the measure of damage, and a recovery cannot be had in excess of that amount, even though the effect of the specific injury totally and permanently incapacitates the employee for his accustomed work. If the injury does not extend beyond the member, the loss is definitely and arbitrarily fixed so as not to exceed the complete loss of that member under the statutory scheme of compensation. But we take the rule to be, if an injury to a specific member does not stop with the injury to or loss of that member, but for any reason continues as an injury affecting the body to such extent as to result in permanent or partial total disability, a recovery may be had therefor, even exceeding the statutory compensation for the complete loss of that member. In such a case, the injury is general and not confined to the specific member."

The testimony of appellee and one or two physicians was to the effect that a total incapacity to perform any kind of manual labor, resulting to appellee on account of her injury, was not confined to the arm, but involved other portions of her body, including her shoulders, back, and spine, because of the diseased condition of certain nerves caused by the injury. While this evidence was sharply contradicted by other competent medical testimony, it is a sufficient warrant for the jury's finding that the result of the injury totally disabled appellee for a period of 300 weeks. All assignments of error in respect to this finding of the jury on this issue are overruled.

Did the fact that appellee resumed the work of her previous employment, after the elapse of 30 weeks from the date of her injury, and did this work for a number of weeks, establish the fact, as a matter of law, that her total incapacity to labor ended on the date she resumed such work? We do not think so, for the evidence in this case, in our opinion, clearly raised a jury issue on this question. Appellee testified in effect that she did such work through necessity, and that it was attended with such pain and suffering to her that she was finally compelled to cease any attempt to do any kind of manual labor. Dr. Cooke testified, in effect, that her condition in 1928, when he examined and treated her, was such that she was unable to do any character of manual labor, and that such condition would exist throughout her life. It has often been held by our courts that the fact that one who under stress of circumstances attempted to work and did work for a while, although such work was attended with pain and suffering, does not preclude the claim that during such time such person was totally incapacitated to work. The circumstances under which appellee testified that she did this work was to the effect that her husband was an invalid and unable to work; that she had at home two small children and did not own a home, but had to pay rent; that under such circumstances she endured the pain and suffering attending the work, and attempted to earn money necessary for a living. The test is: Was her physical condition so impaired by the injury as that she is unable to secure and hold employment for physical labor? This evidence certainly raised the issue as to her legal incapacity to work during the time she did perform the labor mentioned above, and that she is unable to hold employment. All assignments of error on this issue are overruled.

Complaint is made that certain special issues requested by appellant and submitted by the court in the main charge were not answered by the jury, for which reason no judgment could be entered. The finding of the jury on the issues answered necessarily disposed of these issues adversely to appellant's claim in reference to them, and the jury and trial court undoubtedly considered that, because of this fact, it was unnecessary to answer such issues. If answered in line with appellant's contention, it would have been a contradiction to the jury's answers made to other issues, and we cannot assume that the jurors would have permitted themselves to return a contradictory verdict. We therefore find that the court did not err in not requiring the jury to answer these issues.

There are other assignments of error, to which we have given consideration, but do not find it necessary to discuss them, and they are overruled. It necessarily follows, in our opinion, that this case should be affirmed.

Affirmed.