**JONES et al. v. STATE FAIR OF TEXAS et al.**

No. 5013.

Court of Civil Appeals of Texas. Amarillo.

April 10, 1939.

Rehearing Denied May 8, 1939.

Carden, Starling, Carden & Hemphill, of Dallas, for appellants.

W. B. Handley, H. P. Kucera, and A. J. Thuss, all of Dallas, for appellees.

JACKSON, Justice.

This suit was instituted by the appellants Mrs. Gladys. Jones and husband, H. W. Jones, in the District Court of Dallas County against the corporate appellees, State Fair of Texas, Texas Centennial Central Exposition and the City of Dallas, a municipal corporation, to recover damages in the sum of $25,000 for personal injuries claimed to have been sustained by Mrs. Jones on account of the negligence of the appellees, their agents, servants and employees.

Appellants alleged that two high school football teams of Dallas played a game of football on November 15, 1935, in the State Fair Grounds, a municipal park under the management and control of the City of Dallas and the Texas Centennial Central Exposition; that they attended the game to which the public were invited and for which an admission fee was charged; that after the game was over they attempted to pass out of the stadium into other parts of the grounds through and by means of exit gates in a woven wire fence surrounding the stadium and Mrs. Jones was violently shoved by the departing crowd against a "U" shaped metal structure which was in .and partially obstructed the gates and as a result thereof she sustained personal injuries, the nature of which she sets out in detail in her pleading. Appellants in alleging the acts of negligence constituting their .cause of action state in substance that the

defendants failed to furnish a place of egress for the departure of plaintiffs and other guests on the occasion in question sufficient in dimension or constructed so as to permit appellants to reach said exit gates or to pass safely out of the stadium and into the adjoining grounds; that the place furnished by defendants was so limited and restricted in dimensions and construction that plaintiff could not with safety pass through said opening; that defendants failed to handle the departing crowd, which was large, so she could pass through the exit and failed to warn her that such crowd was likely to stampede and cause Mrs. Jones to be suddenly and violently shoved against such "U" shaped structure; that defendants failed to remove such structure before the game was over which if done would have furnished an unobstructed exit of large dimension and that each and all of said acts and omissions constitute negligence. which directly and proximately caused plaintiff's injuries; that on account of the injuries to Mrs. Jones appellants have paid and contracted to pay the sum of $500 for services of physicians, nurses, hospital bills, etc., all of which was reasonable.

The City of Dallas answered by general demurrer, special exceptions, general denial, pleaded contributory negligence, asserted that the injuries, if any, inflicted upon Mrs. Jones were caused by the intervention of independent, willful and malicious acts of third parties over which appellees had no control; that the city is an independent school district and the board of education of the city is a body politic and constitutes the governing authority of such independent school district controlling and supervising the educational functions of the city, including athletic training, and was engaged in the exercise of governmental functions, therefore, for any injury Mrs. Jones sustained neither the city nor said school district was liable in damages.

The State Fair of Texas and the Texas Centennial Exposition answered by general demurrer, special. exceptions, general denial and alleged that on the occasion in question they had nothing to do with the control, management or operation of the stadium nor of handling the crowd attending the football game. They asserted contributory negligence and the willful, malicious and unlawful acts of third parties in causing the injuries, if any.

In response to special issues submitted by the court the jury found, in effect, that Mrs.

Jones was injured on the occasion in question; that there was a metal structure at or near the gates in the wire fence; that Mrs. Jones came in contact with said metal structure and was injured thereby. Following the interrogatories which elicited these findings, the court submitted "Special Issue No. 5", which is as follows: "Do you find from a preponderance of the evidence that the exit way through the wire fence provided for the use of the patrons of the stadium was insufficient for their reasonably safe use as an exit way? Answer Yes or No. Answer: No." The jury found, in response to special issue No. 11, that appellants incurred the reasonable and necessary expense of $550 for the services of physicians, medicines and hospitals as the result of injuries resulting directly and proximately from the negligence of the defendants. They also found that the City of Dallas exercised ordinary care to provide an exit way for the reasonably safe use of the departing patrons. The special issues not set out nor discussed were not answered by the jury and we deem them immaterial to a disposition of this appeal. On the above findings the court entered judgment that the appellants take nothing by their suit against appellees.

Appellants present as error the action of the court in rendering judgment against them because the jury failed to answer special issues Nos. 6 and 7, asking whether the Texas Centennial Central Exposition failed to exercise ordinary care to provide a reasonably safe exit through the fence for the use of the departing patrons and if such failure was a proximate cause of the injuries of Mrs. Jones, asserting that without such findings there was no basis for a judgment.

■ It will be observed that while the appellants charged appellees with several acts of negligence in their petition the court submitted but one, which was contained in special issue No. 5 above quoted and pertained to appellees' having failed to furnish a reasonably safe exit way and the jury found, in effect, that such exit way was reasonably safe. This issue as worded imposed a higher duty upon appellees than the law requires. If they had exercised ordinary care to furnish a reasonably safe exit way they would have discharged their legal duty but the issue as submitted required them to furnish a reasonably safe exit way regardless of the degree of care necessitated.

■ The appellants did not except nor object to this issue as submitted nor of the failure of the court to submit any other alleged negligent act nor did they request the submission of any other issue, therefore, the other acts of negligence pleaded were abandoned, Baldwin et al. v. Stamford State Bank et al., Tex.Civ. App., 82 S.W.2d 701; Ormsby et al. v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, and their right of recovery rested upon the one alleged negligent act submitted to the jury which was determined against them. The testimony shows that the stadium was constructed in an oval shape with the playing field lower than the surrounding terrain and that such terrain was higher than the ground outside the stadium. The testimony tends to show that the stadium was surrounded by a woven wire fence located at the high point of the ramp with double gates therein for the entrance and exit of the patrons; that each of the gates was about sixteen feet in width and both were open at the time of the injuries complained of; that at and near these gates was a "U" shaped metal structure used by the ticket taker in which to stand while collecting tickets and also for the purpose of dividing the crowd into lines when entering the stadium; that upon and against that "U" shaped metal structure Mrs. Jones was violently shoved by some of the departing guests and injured.

■ While the testimony is conflicting, without enumerating all the facts and circumstances, we do not feel warranted in saying as a matter of law tthat the finding of the jury to the effect that the exit way through the wire fence provided by appellees was sufficient to furnish a reasonably safe exit way for the patrons was without support in the testimony.

■■ Inasmuch as appellants' abandoned all acts of negligence pleaded except the alleged failure of appellees to provide and furnish an exit way which was reasonably safe for the use of themselves and other patrons, the determination of this issue by the jury against them renders the failure of the jury to answer the issues submitting the same act of negligence in a different form immaterial.

The law is, as stated in 41 Tex.Jur. 1221, par. 357: "Failure to answer issues that are material and essential to a judgment for either the plaintiff or the defendant results in a verdict insufficient to form the basis for any judgment, and the court

951

may not supply the omitted answers." However, this rule is subject to numerous qualifications. The same authority, page 1222, par. 358, states: "If, because of other findings, the unanswered issue became immaterial, the failure to make answer thereto constitutes no obstacle to the rendition of the judgment warranted by such other findings."

In Ætna Life Ins. Co. v. Bulgier et al., Tex.Civ.App., 19 S.W.2d 821, 824, the court says: "Complaint is made that certain special issues requested by appellant and submitted by the court in the main charge were not answered by the jury, for which reason no judgment could be entered. The finding of the jury on the issues answered necessarily disposed of these issues adversely to appellant's claim in reference to them, and the jury and trial court undoubtedly considered that, because of this fact, it was unnecessary to answer such issues. If answered in line with appellant's contention, it would have been a contradiction to the jury's answers made to other issues, and we cannot assume that the jurors would have permitted themselves to return a contradictory verdict."

In Stepp et al. v. Texas & P. Ry. Co., Tex.Civ.App., 20 S.W.2d 324, it is said: "The jury, answering special issue No. 1, found that appellee was not responsible for appellant getting off the train at Gladewater, and answered no other question. The answer to this issue was decisive of the facts against appellant's claim, and no error was committed by the trial court in receiving the verdict without the other questions being answered. Appellant also complains of the trial court's definition of negligence. In finding that appellee, through its agents, servants, and employees, did not cause appellant to get off the train at Gladewater, the issue of negligence submitted by question No. 2 became immaterial, and whether or not negligence was properly defined in no way injured her rights."

In Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296, 300, the Supreme Court holds that: "As shown by plaintiff's pleading, which we have quoted, he alleged two grounds of negligence on the part of the railway company: (1) That the storekeeper should have told Wright that copper wire would recoil; (2) that, in fact, the wire given to Wright was not copper wire, but some other metal; that copper wire would not have recoiled.

After the introduction of the evidence, plaintiff rested his whole case upon the latter ground of negligence, and, when the jury answered that the wire was in fact 'copper wire,' he was not entitled to judgment. The railway company was."

See, also, Miller v Stine, Judge, et al., Tex.Civ.App., 99 S.W.2d 397; Southland-Greyhound Lines, Inc. v. Richardson, Judge, et al., 126 Tex. 118, 86 S.W.2d 731.

Under this record and these authorities the other issues submitting the same act of negligence became immaterial and this assignment is overruled.

■ The appellants complain of the action of the court in refusing to permit them to prove by the witness Guinn that on Sunday after the accident on Friday the metal structure had been "pulled up and laid aside a little ways from where it was"; and by Roy Rupert that the metal structure was movable and that it was customary that when people began to come out to remove the metal structure; that this metal structure was "U" shaped.

The record discloses that the witness Blevins testified for the appellant relative to this metal structure that, "This construction was temporary where they had the gate that night." Mr. Patterson, a witness for the appellants, testified on cross examination: "I remember closing the gates that night after the crowd got out. As to not being able to close them until I got rid of that metal structure there, you could put it either way, it wasn't stationary; in other words, this U-bar, you could move that either way you wanted to. That was there that night. I did not pull it out and move it; when I got up to the top of the ramp someone had moved it. All of the crowd was not gone when I got up there."

It will be noted that the appellants had been permitted to offer evidence to show that this arrangement of the metal structure was temporary that night; that the structure was "U" shaped and that it had been moved before the crowd had entirely dispersed. These facts were without substantial dispute.

The appellants failed to plead custom and testimony thereof was not admissible.

In Huey & Philp Hardware Co. v. McNeil, Tex.Civ.App., 111 S.W.2d 1205, 1207, the court says:

"There were no pleadings tendered setting up any such custom and usage, and

the objection to the testimony on such ground is well taken.

"The custom and usage here relied upon is not one that is universal and generally known. This is a special custom, and we hold that it must be pleaded if it is relied upon."

See, also, Weatherford, M. W. & N. W. Ry. Co. et al. v. Duncan, 88 Tex. 611, 32 S.W. 878; Tyrrell Rice Milling Co. v. Baskin, Tex.Civ.App., 264 S.W. 1039; Cooke v. Ellis, Tex.Civ.App., 196 S.W. 642.

■ Appellants pleaded as an act of negligence the failure of appellees to remove the metal structure before the football game was over. The jury found that the metal structure was at or near the gates in the wire fence at the time of the accident. The testimony shows it was removable and indicates that it was moved shortly after the accident. Notwithstanding this pleading and testimony, the court did not submit to the jury an issue as to whether or not the appellees were guilty of negligence in failing to remove this metal structure prior to the departure of the crowd. The appellants made no objection to the court's failure to submit such issue, did not request the submission thereof, and if the exclusion of some of this testimony was error, it was harmless.

■ The other assignments presenting as error the action of the court in excluding the testimony of certain witnesses as to the division of the admission fees among appellees do not present error as, under this record, appellants failed to show actionable negligence.

■ The appellants contend that inasmuch as the jury found in response to special issue No. 11 that expenses in the sum of $550 had been incurred by them for medical and hospital services as the result of the negligence of appellees but failed to answer special issue No. 10, asking the amount of money that would reasonably compensate Mrs. Jones for her injuries, and issue No. 6, submitting the negligence of the Texas Centennial Central Exposition, the court should have granted them a new trial.

Issue No. 6 submitted whether the Texas Centennial Exposition failed to exercise ordinary care to provide an exit way through the wire fence sufficient for the reasonably safe use of the departing patrons. This issue was contained in and submitted in special issue No. 5, above set out, and found against appellants and because thereof special issues Nos. 6, 10 and 11, in our opinion, became immaterial. However issue No. 11 does not restrict the jury to the negligent act of failing to furnish a safe exit way for Mrs. Jones and others and the jury may have concluded that the expense found was incurred because of one or more of the other acts of negligence alleged and upon which testimony was offered but abandoned by appellants. We observe that the allegation is that the expense incurred was the sum of $500.00, but the jury awarded the sum of $550.00. This assignment is not tenable.

There are numerous other propositions and counter propositions presented but what we have said we think sufficient to dispose of this appeal and a further discussion is not required.

The judgment is affirmed.