## LEVINE et al. v. ROBERTSON et al.

### No. 14322.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 10, 1941.

King, Dawson & Jones, of Wichita Falls, for relators.

Smoot & Smoot, of Wichita Falls, for respondents.

BROWN, Justice.

This is a mandamus action brought by William and Morris Levine, who were the defendants in a suit for personal injuries that was brought by E. D. Crow and his wife on the theory that the defendants were guilty of negligence in permitting some slippery substance to remain on the floor of their mercantile establishment, on which Mrs. Crow slipped and fell and sustained injuries, and it was further alleged that the defendants were guilty of negligence in not keeping the building sufficiently lighted, where Mrs. Crow fell.

The theory on which the relators bring the mandamus petition before us is that, on the verdict of the jury, the trial court should have rendered judgment for the defendants, but that the trial court committed error in overruling relators' motion for judgment and in sustaining the motion of the plaintiffs to have the court declare a mistrial.

The cause being tried to a jury, answers were made to some of the nineteen issues submitted and no answers were made as to others.

The jury found: (1) That Mrs. Crow fell in defendants' store, (2) that she was injured, (3) "Do you find from a preponderance of the evidence that there was a slippery substance on the floor of Levine's Store at the place Mrs. Janey Crow fell, if you have found she did fall?"

The jury reported to the trial court that they could not agree upon an answer to this issue.

Necessarily, the jury not being able to make a finding of the presence of any slippery substance on the floor, they did not attempt to answer issue No. 4, inquiring as to the knowledge defendants may have had of the presence of the slippery substance, nor did they attempt to answer issue No. 5, requiring the jury to find whether or not the defendants, by the exercise of ordinary care, should have known that the slippery substance was on the floor, nor did they answer issue No. 6, asking whether or not Mrs. Crow slipped on the substance, and issue No. 7, asking whether or not the defendants were guilty of negligence in allowing the substance to remain on the floor, and issue No. 8, asking if such negligence was a proximate cause of plaintiff's injuries.

They answered issue No. 9, saying that defendants' store was sufficiently lighted, and necessarily did not answer issue No. 10, inquiring as to negligence, and issue No. 11, as to proximate cause of plaintiff's injury.

They made no finding as to the amount of money damages inquired about in issue No. 12, and as to issue No. 13, the jury found that Mrs. Crow's fall was the result of an unavoidable accident.

In answer to issue No. 14 they found that Mrs. Crow failed to observe where she was walking, and to No. 15 that such failure was not contributory negligence.

The jury did not answer issue No. 16, asking whether or not Mrs. Crow's disability was caused solely by disease, and answered issue No. 17 that her disability was not caused by an automobile accident.

To issue No. 18 the jury found that Mrs. Crow failed to determine and know the nature of the floor on which she was walking, but in answer to issue No. 19 found that such failure was not contributory negligence.

The order of the trial court discloses that the mistrial was ordered solely upon the merits of the motions presented by the parties. This order recites: "On this 6th day of June, 1941, came on to be heard the motion of defendants for judgment in their favor on the verdict, and likewise came plaintiffs' motion to declare a mistrial, and the court, after hearing the motions read and hearing extended arguments of counsel in the premises as to both motions, and after due deliberation and investigation of the law himself, is of the opinion that the law of the case is against defendants' motion; it is, therefore, ordered, adjudged and decreed that the defendants' motion as heretofore filed for judgment on the verdict be, and the same is hereby overruled; and, it being further the opinion of the court that plaintiffs are entitled to have a mistrial declared on said verdict, it is further ordered, adjudged and decreed by the court that a mistrial be, and the same is hereby adjudged in favor of the plaintiffs."

Thus it is made plain that the action of the trial court is bottomed solely upon the condition and effect of the verdict as same was construed by the trial court. Let us analyze the verdict in this case: ·The jury found that the plaintiff's fall was the result of an unavoidable accident. Under the instructions given by the trial court the jury could find that the accident was unavoidable only in the event they found that it was not proximately caused by the negligence of either the plaintiff or the defendant.

■ It cannot be successfully denied that such a finding absolves both the plaintiff and the defendant from all charges of negligence proximately causing the accident.

The jury has found that the plaintiff was not guilty of contributory negligence, and that the defendants were not negligent in lighting their store. There is no semblance of a conflict in the findings made.

All that prevents the verdict from being complete is the fact that the jury was unable to agree upon the issue of whether or not there was a slippery substance on the store floor.

If the jury had found that the substance was there, there could be no conflict in the verdict unless they went further and found that Mrs. Crow slipped on it, and found that the defendants knew of its presence, or that by the exercise of ordinary care they should have known it was there, and that the defendants were guilty of negligence in allowing the substance to remain on the floor, and that such negligence was a proximate cause of plaintiff's injuries.

■ The burden of proof was upon the plaintiffs to make out a case by establishing negligence upon the part of defendants and that such negligence was the proximate cause of her injuries, and at the same time establish the fact that the accident in which she was injured was not unavoidable.

To sustain the ruling of the trial court, we must assume that, after the jury found that plaintiff's fall was the result of an unavoidable accident—that is to say, through an accident concerning which neither the plaintiffs nor the defendants were guilty of negligence—the plaintiff was entitled to a finding on the issues of (1) the presence of some slippery substance on defendants' store floor, (2) the knowledge of defendants as to its presence, or (3) whether by the exercise of ordinary care defendants should have known the substance was there, (4) whether Mrs. Crow slipped on the substance, (5) whether defendants were negligent in allowing the substance to remain on the floor, and (6) whether such negligence was a proximate cause of her injuries, because if these issues had been answered by the jury they would have been answered in such a manner as that they would present conflicting answers and as a matter of law require a mistrial.

■ We are of opinion that, if we are to assume anything with respect to the unanswered issues, we should assume that

914

the jury would have made consistent answers rather than answers that were in conflict with the findings already made. Aetna Life Ins. Co. v. Bulgier et al., Tex. Civ.App., 19 S.W.2d 821, writ refused.

The nearest case analogous to the case at bar that we have reviewed is Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869, writ refused. In such case, Mr. Justice Alexander, speaking for the Court of Civil Appeals for the Waco District, held that where questions submitted were answered in such a manner as to require a judgment for one of the parties on the issues of negligence, the issue of whether or not the accident was one that was unavoidable became immaterial.

Turning the case around (as we think is proper for a discussion of the rule thus laid down), where the jury has found that the accident was unavoidable, that the plaintiff was guilty of no contributing negligence, that the defendant was not guilty of one alleged act, depended upon as constituting negligence, and failed to reach a finding as to the presence or existence of the only other fact on which negligence is sought to be established, it seems to us that a finding on such issue, absolutely necessary to the establishment of a theory upon which the plaintiff might in any event hold the defendant responsible for the accident, becomes wholly immaterial.

We believe that the petition for a writ of mandamus, requiring the trial court to render judgment for the defendants on the verdict returned, is well taken. The writ is therefore ordered issued as prayed for, and same is hereby granted.