### GARZA et ux. v. SAN ANTONIO TRANSIT CO.

No. 11409.

Court of Civil Appeals of Texas. San Antonio.

May 10, 1944.

Rehearing Denied June 7, 1944.

G. Woodson Morris, of San Antonio, for appellants.

W. F. Nowlin and Grady Barrett, both of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Tomas G. Garza and wife, Santiaga Garza, against the San Antonio Transit Company, a corporation, seeking to recover damages allegedly resulting from injuries received by Santiaga Garza when she attempted to board a bus operated by the Transit Company. The cause was submitted to a jury upon special issues and, in keeping with the verdict of the jury, judgment was rendered that the plaintiffs recover nothing from the defendant.

From this judgment Tomas G. Garza and Santiaga Garza have prosecuted this appeal.

Appellants first complain because the trial court admitted in evidence the chart of the patient Santiaga E. Luna (now Santiaga Garza) kept as the "Clinical Record" of the Robert B. Green Memorial Hospital.

■ Miss Fertsch, Record Librarian at the Robert B. Green Hospital, under subpoena duces tecum, testified that she had charge of the records of that hospital; that the Robert B. Green Hospital was a public hospital maintained and operated by the County of Bexar and the City of San Antonio; that she was familiar with the routine of keeping the records; that the rules require a record to be made of the patient and the record is kept up from day to day by the various doctors who have charge of the case, and when a case is, closed, the records come into the record room of which she had charge; that the records brought with her were the regular records kept by the hospital in connection with Mrs. Santiaga Luna; that the hospital maintains records at this time similar to the 1929 records having the same information on it, the difference being in the form as to how it opens; the contents are the same; that the records of the hospital now are similar to the records just introduced in evidence and contain the same information. The original records admitted in evidence are sent up as Exhibit No. 4 accompanying the Statement of Facts. Examination of these exhibits shows that they are authentic original records of the hospital as to the patient, kept in substantial conformity with Art. 4485, Vernon's Tex.Ann.Civ.Stats., containing "name, age, sex, color, marital condition, residence, occupation and place of past employment," and a record "of the condition of each patient when admitted and

from time to time thereafter." The records bear original signatures of persons who purport to have been the various doctors who had charge of the various operations performed on the patient. It is undisputed that the charts admitted in evidence cover the appellant, Mrs. Santiaga Garza, then Mrs. Santiaga Luna.

It appears that the superintendent of the hospital had appointed Miss Fertsch as custodian of the hospital records and had placed her in charge thereof. She testified that the hospital was a county hospital, mtaintained by Bexar County, Texas, and the City of San Antonio, and, as such hospitals may be established by counties only under the authority of Art. 4478, Vernon's Texas Ann.Civ.Stats., we presume that the Robert B. Green Hospital was established under the authority of Art. 4478, supra. Art. 4485, Vernon's Tex.Ann.Civ.Stats., authorizes and requires the superintendent of a county hospital to cause to be kept records of each patient admitted showing their name, age, sex, color, marital condition, residence, occupation and place of past employment and, further, the condition of each patient when admitted and from time to time thereafter. The record offered in evidence was shown to be such a record and was therefore a public record and properly admitted in evidence. Dallas Coffee & Tea Co. v. Williams, Tex.Civ.App., 45 S. W.2d 724. Appellants' first point is overruled.

Appellants' second and third points are as follows:

"Second Point. Where the proof on the part of plaintiff showed that as she attempted to board defendant's bus and while on the outside thereof, the driver of the bus closed its doors on her left hand and then started the bus forward suddenly, thereby injuring her left hand and other parts of her body, from which she was still suffering at the time of the trial, it was error for the Court to permit, over objection, defendant to show by a female witness that she, with the aid of other employees in the operation of what defendant claim as the same bus, had experimented with the doors by having the operator of the bus close the doors on her hands and starting the bus forward, because same could serve as no test or criterion in this case, since ncther the physical facts nor a person in the same mental and physical condition as the plaintiff were possible of reproduction.

"Third Point. It was error for the Court to permit, over objection, the witness, Lawrence McInerny, to testify that he had put his hand in the doors and allowed them to be closed thereon without hurting them, because the circumstances were not shown to be in any wise the same as in the instant case."

The record shows that evidence as to the experiments was admitted. In addition to the experiments the record further shows that the middle door of bus No. 171 (the bus involved in the alleged accident) is two doors that join together when they close and they fold twice to each side and that the edges of the doors are composed of a rubberized material that form a kind of rubber cushion.

Mrs. Garza had testified that when she attempted to board the bus the operator of the bus closed the middle doors on her hand, thereby injuring her hand and, further, that when the bus started up with a jerk she was further injured. There was nothing improper in Mrs. Garza's attempting to enter the middle door, as she had been ordered to transfer, along with other passengers, from the bus on which she was riding to another bus.

In 17 Tex.Jur. 401, § 142, it is stated:

"It is permissible to prove the existence or nonexistence of a fact by experiments made for that purpose under circumstances substantially the same as those existing at the time of the occurrence or nonoccurrence of the alleged fact, and evidence of experiments conducted after the occurrence in question is material and admissible where it serves to shed any light on the transaction involved * * *. It is not necessary that the conditions be absolutely identical, but it is sufficient if they are substantially similar; any dissimilarity goes to the weight of the evidence rather than its admissibility. The decision of the preliminary question as to whether the conditions are so substantially similar as to authorize the introduction of the evidence is necessarily for the trial court, and he has considerable latitude in deciding it."

 The evidence shows that the experiments were made under circumstances substantially the same as those testified to by Mrs. Garza and therefore the testimony was admissible. Gulf, C. & S. F. R. Co. v. Whitfield, Tex.Civ.App., 206 S.W. 380; Panhandle & S. F. R. Co. v. Haywood, Tex.Civ.App., 227 S.W. 347; Krueger v. Brenham Furniture Mfg. Co., 38 Civ.App.

398, 85 S.W. 1156; Ft. Worth & D. C. R. Co. v. Yantis, Tex.Civ.App., 185 S.W. 969.

Appellants complain of certain arguments made by counsel for appellee to the jury. We overrule these points. These arguments were certainly not of such a prejudicial nature that an instruction by the court to the jury to disregard them would not have removed the harm done. The trial court was not requested to so instruct the jury.

Appellants next complain that the court refused to submit their specially requested issues relating to whether or not the driver of the bus had same under proper control at the time of the accident. We overrule this contention. There is no dispute that the bus was standing still at the time Mrs. Garza attempted to board it. She only contends that the bus moved forward three or four feet. This fact is disputed by other witnesses. There was no evidence that the bus driver did not have the bus under proper control.

Appellants next contend that the fact that the jury found in answer to Issue 1 that the bus driver did close the doors on her hand and then, in answer to Issue 11, that she was damaged to the extent of $750 as the result of the negligent act of appellee, Mrs. Garza was entitled to have judgment rendered in her favor for this amount. We overrule this contention. Issues 1, 2 and 11, together with the jury's answers, are as follows:

"Question No. 1. Do you find from a preponderance of the evidence that at the time and on the occasion in question the driver of the defendant's bus closed the doors of the bus on the left hand of plaintiff? * * *

"We, the jury, answer: Yes. * * *

"Question No. 2. Do you find from a preponderance of the evidence that such act, if any, was negligence? * * *

"We, the jury, answer: No. * * *

"Question No. 11. What amount of money, if any, do you find from a preponderance of the evidence would, if paid now in cash, be reasonable compensation to plaintiffs for the physical and mental pain, if any, suffered or to be suffered by the plaintiff's wife, Mrs. Santiaga Garza, solely as a proximate result of the negligence, if any, of the defendant, proximately resulting in injuries, if any, to Santiaga Garza, the plaintiff? * * *

"We, the jury, answer: $750.00."

It is apparent that Issues 1 and 2 are specific issues, while Issue 11 is a general issue, so far as negligence is concerned. Specific issues control over general issues. Peeler v. Smith, Tex.Civ.App., 18 S.W.2d 938, affirmed, Tex.Com.App., 29 S.W.2d 975. Where the special issues on negligence are answered against plaintiff, the answer to the general issue on amount of damages becomes immaterial. Jones v. State Fair of Texas, Tex.Civ.App., 127 S.W.2d 948; Stepp v. Texas & P. R. Co., Tex.Civ.App., 20 S.W.2d 324. For the same reason we find that there was no conflict between the jury's answers to Issues 1 and 2, on the one hand, and 11, on the other.

Appellants contend that the jury found that the operator of the bus closed the middle door on plaintiff's hand and that this act constituted negligence as a matter of law. We overrule this contention. The burden of proof was on plaintiffs to show by a preponderance of the evidence not only that the operator of the bus closed the door on Mrs. Garza's hand but that, under all the facts and circumstances, such act was negligence. The jury found that such act was not negligence and that finding is binding here. Wells v. Texas Pac. Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660, affirmed, Tex.Civ.App., 151 S.W.2d 927, 929; Levine v. Robertson, Tex.Civ.App., 154 S.W.2d 911; Texas & N. O. R. Co. v. Hancock, Tex.Civ.App., 134 S.W.2d 408; Galveston, H. & S. A. R. Co. v. Landeros, Tex.Civ.App., 264 S.W. 524; Gulf States Utilities Co. v. Grubbs, Tex.Civ.App., 44 S.W.2d 1001; City of Wichita Falls v. Swartz, Tex.Civ.App., 57 S.W.2d 236; Railway Express Co. v. Robinson, Tex.Civ. App., 162 S.W.2d 984 error refused; Davis v. Castile, Tex.Com.App., 257 S.W. 870.

The judgment of the trial court is affirmed.