MONTGOMERY WARD & CO. et al. v.
NEWMAN et al.

No. 2468.

Court of Civil Appeals of Texas. Eastland.

May 12, 1944.

Rehearing Denied June 23, 1944.

Woodruff & Holloway, of Brownwood, for relators.

E. M. Davis, Wilkinson, Johnson, Griffin & Bohannon, and Darroch & McCartney, all of Brownwood, for respondents.

LESLIE, Chief Justice.

This is an original proceeding in this court instituted by relators, Montgomery Ward & Company et al., seeking issuance of mandamus to require the trial judge to render judgment in their favor based upon the verdict of a jury in the case of G. W. Scharrenbeck et ux., plaintiffs, against Montgomery Ward & Company et al., defendants.

The Scharrenbecks sued Montgomery Ward & Company, a corporation, and Marcus H. Sessions, its agent, alleging plaintiffs were owners of a certain lot, house, and improvements thereon, and various furniture and personal property therein situated. That some sixteen months prior to February 10, 1943, Montgomery Ward & Company had sold to Charles D. Willingham, the then owner of the premises, a kerosene hot water heater controlled by a thermostat whereby the temperature of the water in said heater was automatically maintained at an even temperature. That about the 9th of February, 1943, the heater ceased to operate properly, which was reported to the defendant company. That it was found that the guarantee or free service contract had expired, but it was agreed that the defendant Sessions, an employee of Montgomery Ward, would on the following day make the necessary repairs on said heater and put same in good operating

condition, provided the plaintiffs would compensate Montgomery Ward for such services.

Plaintiffs further allege that in compliance with the contract, Sessions went to plaintiffs' residence, and that after working on said heater said employee advised the plaintiff he had gotten the heater ready to light, and lit same, and thereafter spent some time working with and regulating the burner. That Montgomery Ward's said agent turned the burner higher, continued working with it until he negligently caused the same to set fire to the roof of plaintiffs' dwelling, with the result that it and its contents were totally destroyed by fire on February 10th while the repairs and adjustments were being made. Various grounds of negligence were alleged by plaintiff, and that each was a proximate cause of the injury.

The defendants denied the various charges of negligence and alleged that the plaintiffs were guilty of contributory negligence in various respects and that the injury was due to an unavoidable accident.

The case was tried before the court and jury and was submitted to the jury on some 41 special issues, submitting the various elements of negligence alleged by plaintiff, the defensive matters alleged by defendants, unavoidable accident, and the value of the various items destroyed by the fire. The jury answered some of the issues, but the most of them, including unavoidable accident, were left unanswered. Issues as to the value of the property were answered, but the jury failed to answer a number of issues as to whether defendant Sessions was guilty of negligence in various particulars.

The jury answered no issues finding plaintiff Scharrenbeck guilty of negligence. No issues were submitted or requested as to whether or not a defective flue was the sole proximate cause of the fire in question. The jury left unanswered about three groups of questions designed to obtain affirmative answers or findings in favor of the plaintiffs. Respondents (defendants) in support of their motion to dismiss relators' application for writ of mandamus rely on the proposition to the effect that since the verdict in the case was incomplete as to disputed material issues, the trial court correctly declared a mistrial of the case.

Both litigants are in accord with the proposition of law that where the verdict of the jury is such as to entitle a party to judgment in his favor, the rendition of judgment upon the verdict is ministerial, rather than a judicial function of the trial court; and upon his refusal to enter judgment, mandamus will lie to require the performance of that duty. Stewart v. Bush, Tex.Civ.App., 53 S.W.2d 842; Friske v. Graham, Tex.Civ.App., 128 S.W. 2d 139. Respondents likewise assert as fundamental the counter proposition that "where there is an incomplete verdict on disputed material issues the court must declare a mistrial."

The defendants made a motion below for judgment, and after due consideration the trial court overruled the same and declared a mistrial because the jury failed to agree upon the disputed material issues.

It is the relators' theory in support of their application for writ of mandamus compelling judgment on the verdict in their favor that the findings of the jury in response to Issues 6, 7, 12, 31 and 31–A, especially the last two, convicted the plaintiff of contributory negligence, thus entitling Montgomery Ward to a judgment. Based upon this proposition relators contend that if the jury had answered all of the respondents' (plaintiffs') issues, especially proximate cause, in the affirmative, nevertheless, the trial court could not have given plaintiffs (respondents) judgment on the verdict, but would have been compelled to give relators (defendants) judgment for the reason that the jury having previously found that a defective flue was a proximate cause of the fire, the jury's affirmative answers (if such had been made) to the unanswered issues would have conflicted with such previous answer to the *proximate cause* and would, therefore, have to be disregarded since it could not be assumed that the jury would make findings in conflict with those already made. Levine v. Robertson, Tex.Civ.App., 154 S.W.2d 911. (This proposition will later be stated more in detail.)

It is fundamental that there may be more than one proximate cause in a negligence case, and the record before us discloses that relators did not request or obtain the submission of any issue as to whether or not a defective flue was the sole proximate cause of the fire. Hence, the verdict is not the equivalent of such a finding and relators' right to the writ cannot be based upon any supposed finding of a "sole" proximate cause.

We understand relators' real contention to be that since plaintiffs below (respondents here) were in possession of the house and the jury found (1) there was a defective flue, and (2) that such defect was a proximate cause of the fire, that such findings make the plaintiffs (respondents) guilty of contributory negligence barring any recovery by them.

Of course a finding of contributory negligence would, as a general proposition, be fatal to the plaintiffs' right of recovery under the facts of this case, and the establishment of such might entitle the relators to the writ. But after a careful consideration of this record, we do not believe that relators' contention based on contributory negligence can be sustained.

█ In the first place, we are convinced that the relators (Montgomery Ward) did not plead the elements of contributory negligence based on the condition of defective flue. Such elements were not "set forth affirmatively" as required by Rule 94, Texas Civil Procedure. While many acts of negligence on the part of the plaintiff were specifically and affirmatively pleaded, such is not true as to the condition of the flue, and the issue could not be otherwise raised. McCrory's Stores Corporation v. Murphy, Tex.Civ.App., 164 S.W.2d 735, writ refused; Bridges v. Dahl, 6 Cir., 108 F.2d 228.

There is no allegation that the plaintiffs knew or were charged with a knowledge of the condition of the flue as a matter of law, and the allegations merely refer to the same in this language:

"They do not know and are not sure what was the proximate cause of the fire damaging and destroying plaintiffs' property * * * but they further allege that same could and may have been and was due to inherent defects in the flue and its connection with the roof of plaintiffs' house * * * improperly caused the roof or other parts of the building to catch on fire."

If it be assumed (which cannot be correctly done) that the relators affirmatively alleged contributory negligence, proximate cause, etc., in the above respect, then certain it is that there is in this record no finding of the element of negligence on the part of the plaintiffs. No issue thereof was submitted and no presumed finding thereof can be based on such omitted issue, since the trial court's action on the motion for judgment is definitely a contrary finding. Rule 279.

█ The law raises no presumption of negligence against either the plaintiff or defendant from the mere fact of an injury. Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538. In the instant case no fact or group of facts can be gathered from the plaintiffs' pleadings below or from the verdict, from either of which the law can be said to raise or establish a prima facie presumption of negligence on the part of respondents (plaintiffs) as a matter of law, and there is no reason or valid ground for the omission of a finding of negligence, if any, on the part of the plaintiffs, the owners of the building. As stated in 30 Tex.Jur., page 758, sec. 92:

"The defense of 'contributory negligence' involves proof that the plaintiff or injured person was 'negligent', and that his 'negligence' was the 'proximate cause' of the injury or damage. Depending upon the showing as to whether it was 'a proximate cause' of the injury or damage, the victim's 'negligence' is held to bar recovery of damages or not to do so * * *.

"In the determination of the question as to whether the plaintiff was responsible, the factors to be considered are the same as they are where the question is as to whether the defendant was responsible."

In line with this is the holding in Dallas Ry. Co. v. Eaton, Tex.Civ.App., 222 S.W. 318, 321:

"As we have seen, an essential element of the defense of contributory negligence was that the plaintiff's negligence alleged should be found to be a proximate cause of the injury. Therefore a prima facie cause of contributory negligence was not made by the mere showing of negligence on plaintiff's part, so as to bring the case within the rule announced by the Supreme Court in the case of Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S.W. [902], 904, 28 L.R.A. 538. The burden was upon the defendant, in order to establish its defense of contributory negligence, to show both the fact of plaintiff's negligence and that it was a proximate cause of the injury."

As pertaining to the condition of the flue, it would appear that a proper interpretation of some of the answered issues affirmatively exonerate the plaintiff from

any negligence whatever—at least on some independent grounds. The jury found in response to Issue 27 that Scharrenbeck did not fail to exercise ordinary care to discover the flame and heat passing into the pipes and flue in time to prevent said fire in the roof of the house by cutting the burner off; and in response to Issue 29, that he was not guilty of negligence in lighting the flame "in the pot of the water heater" at the time he did; and in response to Issue 30–C that he did not undertake to supervise and direct the actions of Marcus H. Sessions in doing whatever the said Sessions did do in the repair, adjustment and operation of the water heater in question in this suit.

We do not have any statement of facts accompanying this record, and our consideration is (naturally and strictly) limited to the interpretation of the verdict. The briefs refer frequently to the testimony, but our conclusions are independent thereof.

It is our opinion that the failure of the defendants to affirmatively allege contributory negligence on the part of the plaintiffs in the matter of defective flue is conclusive of that issue as ground for mandamus, and further, if such pleadings be construed as presenting contributory negligence in terms of Rule 94, then no issue of negligence was presented to the jury as a basis for the finding that a defective flue was a proximate cause of the fire, and no presumed finding of negligence can be indulged. The contrary situation obtains.

As stated, the jury did not answer several issues, but the relators assert that such fact or circumstance is immaterial for the reasons that if the jury had answered the unanswered issues in the affirmative, or favorable to the plaintiff below, it (the jury) could not properly have found that such negligence of the defendant was the *proximate cause of the fire,* since such finding would necessarily conflict with the jury's finding already made to the effect that "a defective flue" was the *proximate cause of the fire.* In other words, if such unanswered issues had been answered in the affirmative, or in favor of plaintiffs, and either had been found to be a proximate cause, such answer as to proximate

cause would have to be disregarded as a situation would then be created calling for the application of the rule of law requiring the assumption that the jury would have answered unanswered issues consistent with answers already made rather than in conflict therewith. Levine v. Robertson, Tex. Civ.App., 154 S.W.2d 911, 913, holds:

"We are of opinion that, if we are to assume anything with respect to the unanswered issues, we should assume that the jury would have made consistent answers rather than answers that were in conflict with the findings already made."

To the same effect is Aetna Life Ins. Co. v. Bulgier, Tex.Civ.App., 19 S.W.2d 821, error refused.

We do not believe that rule of law applicable to the facts reflected by the verdict in this cause. After a due consideration of the same, we do not believe affirmative answers by the jury to the various unanswered issues would necessarily have established such conflict with the findings made to issues 6, 7, 12, 31 and 31–A as would call for an application of the above rule of law. Hence, we conclude that a proper disposition of the case under present pleadings, the issues submitted, and the verdict, requires a new trial that a jury finding may be had on unanswered material and controlling issues. The verdict returned was incomplete as to the disposition of some of such issues, and the judgment of the trial court declaring a mistrial was proper.

In the light of the pleadings and the issues raised (answered and unanswered), this court would not be warranted in holding as a matter of law that the injuries complained of could not have been a proximate result of some alleged negligent act of Sessions, and these contentions are overruled.

We shall not prolong the opinion by analyzing in detail the effect of affirmative findings, had they been made, to the various groups of issues favorable in theory to the plaintiffs. Suffice it to say that after diligent consideration of the same we have arrived at the conclusion that mandamus should not be awarded against the trial court under the circumstances presented by this record. It is so ordered.