**BLANTON v. E. & L. TRANSPORT CO.**
**et al.**

**No. 5772.**

Court of Civil Appeals of Texas. Amarillo.
May 5, 1947.

Rehearing Denied June 9, 1947.

West & Moore and W. H. Hall, all of Dallas, for appellant.

Geo. P. Gardere and W. B. Handley, both of Dallas, for appellees.

**STOKES, Justice.**

This is a common law action for damages filed by the appellant A. W. Blanton against the appellees, E. & L. Transport Company a and Sam & Ed Auto & Truck Parts, both being corporations. The damages sued for consisted of personal injuries to appellant and damage to his automobile which resulted from a collision on June 14, 1943, near Gainesville in Cooke County. The E. & L. Transport Company owned and operated a truck with a large trailer that was equipped to transport airplane wings, the truck and trailer together being about seventy-five feet in length, and will be referred to herein as the van. Sam & Ed Auto & Truck Parts owned and operated a truck equipped with wrecker machinery suitable for retrieving and transporting to its shop in Dallas automobiles and other vehicles that had been wrecked or disabled on interior highways, and will be referred to as the wrecker truck. On the occasion in question the wrecker truck was towing a burned automobile from someplace in Oklahoma north of Gainesville to Dallas when a severe rainstorm arose from which water was blown into the motor and caused it to cease operation, or "drown out," and it stopped on the highway in a valley between two hills, the brows of which were some fourteen hundred feet apart. The van was transporting airplanes from Detroit, Michigan to Fort Worth over the same highway and was some distance behind the wrecker truck. Appellant with three companions was traveling north in his automobile. Shortly before reaching the stalled wrecker truck the driver of the van veered to his left for the purpose of passing the wrecker truck and, before the rear end of the van cleared the east side of the highway, appellant met it and a collision ensued between his automobile and the van. Appellant alleged negligence on the part of the owners of the wrecker truck and the van and they in turn alleged contributory negligence on his part and also that the collision was an unavoidable accident.

The case was submitted to a jury upon eighty-six special issues, only a few of which were answered by the jury and, except as to the question of unavoidable accident, those which were answered were

fragmentary and incomplete. An example of the fragmentary character of the verdict is the answer to the 38th special issue, in which the jury found that appellant Blanton had knowledge of the position of peril in which the driver of the van was at the time he was in the act of passing the wrecker truck but failed to find that appellant did, or did not, use the means at his command to avoid the accident. Special Issue Number 82 was as follows: "Do you find from a preponderance of the evidence that, as between A. W. (Bob) Blanton and E. & L. Transport Company, the accident in question was not unavoidable, as the term 'avoidable accident' is herein defined? In the event your finding is in the affirmative, the form of your answer should be 'It was not the result of an unavoidable accident,' but in the event your finding is otherwise, your answer should be 'No.'" To this special issue the jury answered "No".

Special Issue Number 83 was in exactly the same terms as Number 82, except that it referred to Sam & Ed Truck & Parts, Inc., and the jury returned the same answer to it.

After the verdict was returned and received by the court appellant filed a motion in which he urged the court to declare a mistrial and the appellees filed a motion in which they prayed that judgment upon the verdict be entered in their favor, denying appellant any recovery. The motion of appellant was overruled and the motion of the appellees was sustained. Judgment was accordingly entered by the court in which appellant was denied a recovery and the costs adjudged against him. He filed and urged a motion for a new trial, which was overruled, to which he excepted and from which he perfected an appeal to the Court of Civil Appeals of the Fifth District and the case was duly transferred to this court by the Supreme Court.

The case is presented here upon eight assignments of error which, in substance, present three controlling issues. Appellant contends, first, that the court erred in entering judgment against him because the jury failed to answer any of the special issues submitted to it which would have determined his right to recover upon his allegations of negligence; secondly, that there was no evidence to support the verdict of the jury in which the accident was found to be unavoidable; and, thirdly, that the negative answers to the questions of unavoidable accident were the result of a unanimous mistake of the jurors, in the nature of a clerical error, in announcing and transcribing the verdict as to Issues 82 and 83.

The testimony showed that the motor of the wrecker truck was equipped with a hood with vents in the sides to admit air and assist in keeping the motor cool; that a short time before descending the hill from the north a hard rain had fallen and the wind blew water through the vents onto the motor and, when it reached a point about half-way between the two hills, it ceased to operate, or "drowned out," and the wrecker truck came to a stop on the west, or right hand, side of the paved highway. When the van reached the brow of the hill, the driver observed the stalled wrecker truck in the valley and when he reached a point some eighty or ninety feet from the wrecker truck he glanced ahead and, observing no vehicles or traffic approaching from the south, he steered his truck to the left, or east, side of the highway for the purpose of passing the stalled wrecker truck. When he reached the point alongside the wrecker truck he observed appellant's automobile near the brow of the hill to the south and approaching from that direction. Two witnesses who were in the wrecker truck and the driver of the van testified that shortly after starting down the hill toward them appellant's automobile began to skid, first to his left and then to his right, and there was abundant evidence to establish the fact that the collision occurred as a result of the skidding of appellant's automobile. At the time of the collision the truck that was pulling the van had passed around the stalled wrecker truck and had resumed a straight course on the west side of the highway, but the van had not completely negotiated the turn and resumed its straight course. The testimony showed, however, that there was a graveled shoulder on the east side of the highway from five to eight feet in width and several feet of the paved

portion of the highway adjacent to the shoulder that was not occupied by any portion of the van and that, had appellant's automobile proceeded down the highway without skidding, there was ample space for it to pass the van and avoid the collision. It was shown a heavy rain had fallen only a few minutes before the collision and that the highway was wet and slippery. Appellant testified that, when he observed the van coming around the stalled wrecker truck, he applied the brakes to his car and it swerved or skidded slightly. One of his companions testified that he felt the vibration of the car when appellant applied his brakes and that the car "wiggled, kind of slid on the wet pavement."

█ An unavoidable accident has many times been defined by our courts as being a catastrophe or accident which is not the result, in any degree, directly or remotely, by the want of that care or prudence which the law holds every person bound to exercise. If it could have been prevented by either party by the use of means suggested by ordinary prudence it is not unavoidable; but if it happens without negligence on the part of anyone involved in it, it is classified as an unavoidable accident and none of those involved can be charged with actionable negligence on account of its occurrence. Galveston, H. & S. A. Ry. Co. v. Gormley, Tex.Civ.App., 35 S.W. 488; Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777; Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Com. App., 7 S.W.2d 521; Southern Transportation Co. v. Adams, Tex.Civ.App., 141 S.W. 2d 739; Orange & N. W. Ry. Co. v. Harris, 127 Tex. 13, 89 S.W.2d 973; Valley Film Service v. Cruz, Tex.Civ.App., 173 S.W.2d 952.

█ The special issues submitted to the jury by the court required findings by the jury upon numerous questions of alleged negligence, such as the failure of the driver of the van to keep a proper lookout, failure to retard the speed of the van before attempting to pass the wrecker truck, failure to apply his brakes, attempting to pass the wrecker truck when the highway was not clear and unobstructed for a distance of 150 feet ahead of him, and a number of other similar questions, together with the correlated issues of negligence and proximate cause. It also submitted to the jury similar questions concerning the driver of the wrecker truck, including the question of whether or not he used ordinary care in not moving the wrecker truck from the highway. A number of special issues were also submitted concerning contributory negligence on the part of appellant. None of these issues was answered by the jury except a few which found certain facts, but were not followed by findings as to negligence and proximate cause, and appellant contends the court erred in rendering judgment in the absence of findings of the jury in response to questions presented by them. We do not agree with appellant in this contention. The rule is well established in this state that if, under other findings of the jury, an issue becomes immaterial, then the failure of the jury to answer it is no obstacle to the rendering of the judgment warranted by the findings that are made and returned by the jury. Aetna Life Ins. Co. v. Bulgier, Tex.Civ.App., 19 S.W.2d 821; Texas Employers' Ins. Ass'n v. Downing, Tex.Civ.App., 218 S.W. 112; Ripley v. Dozier Const. Co., Tex.Civ.App., 45 S.W.2d 661; Chauncey v. Kansas City M. & O. R. Co., Tex.Civ.App., 32 S.W.2d 369; Citizens' Nat. Bank v. Overstreet, Tex. Civ.App., 77 S.W.2d 250; Baldwin v. Stamford State Bank, Tex.Civ.App., 82 S.W.2d 701; Jones v. State Fair of Texas, Tex. Civ.App., 127 S.W.2d 948; Levine v. Robertson, Tex.Civ.App., 154 S.W.2d 911.

█ The effect of the findings of the jury that the accident between appellant's automobile and the van was an unavoidable one necessarily exonerated both appellant and appellees of negligence. An unavoidable accident has been defined by many courts to be an accident or catastrophe which happens without negligence on the part of anyone involved in it and the jury in this case was so informed by the charge of the court. The only benefit which appellant could have obtained by requiring the jury to answer the other special issues was that the jury might have returned some answers that would have been in conflict with the findings made by it upon the question of unavoidable accident and resulted

in the necessity of setting aside the verdict and granting a new trial. The rule is well established, however, that in such situations as this, the court will presume that, if the jury had answered the remaining issues, its answers would have been consistent with those which it actually returned. It will not be presumed that the jury would return a verdict in which answers to other issues would be in conflict to those resolved and returned by it. Aetna Life Ins. Co. v. Bulgier, Tex.Civ.App., 19 S.W.2d 821; Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869; Levine v. Robertson, Tex.Civ.App., 154 S.W.2d 911.

As indicated by what we have said, and in view of the holdings of the courts in the cases we have cited, in our opinion, the first contention presented by appellant is not well taken and his assignments of error pertaining thereto will be overruled.

■ Under his second contention as noted by us, appellant asserts the finding of the jury that the accident was an unavoidable one was without evidence to support it. As we have already said, it had been raining immediately prior to the time the collision occurred and, according to some of the witnesses, it was raining slightly at that time. The pavement was wet and slippery and, according to the undisputed testimony, appellant's automobile skidded and swerved from one side of the highway to the other immediately preceding the collision. Some of the witnesses stated this was probably caused by appellant's applying his brakes. One of his companions testified that immediately after his brakes were applied the car wiggled and skidded. He said that appellant released his brakes and made an effort to pass to the east side of the pavement and thus get by the truck and avoid the collision. It is conclusive from the testimony that his effort to do this failed because his car had skidded so far to the west and in front of the van that there was not sufficient time and space in the highway for him to reach the east side before his automobile came in contact with the van. We think these conditions present an absolute case of an unavoidable accident. Certainly the testimony concerning them was ample, or at least of sufficient probative force, to warrant the finding of the jury that the incident was an unavoidable accident. Appellant could not be charged with contributory negligence because it evidently was impossible for him so to guide his automobile as to reach the east side and shoulder of the highway before coming in contact with the van, and the driver of the van could, of course, not be charged with negligence in reference to the skidding of appellant's automobile. Since there was no material conflict in the testimony concerning the skidding of appellant's automobile, and there was ample evidence to warrant the conclusion that, but for the skidding, the collision would not have happened, the findings of the jury on the question of unavoidable accident had abundant support in the evidence, and appellant's second contention will, therefore, have to be overruled.

■ Under his third group of assignments appellant contends that the answers of the jury to the special issues concerning unavoidable accident were the result of a unanimous mistake in the nature of a clerical error in announcing or transcribing the verdict. All of the members of the jury were called as witnesses to testify upon the hearing of appellant's motion for a new trial and they testified in substance that they discussed all of the issues and were unable to answer any of them concerning negligence and proximate cause; that they agreed that someone was guilty of negligence in connection with the collision but that they could not agree that any particular one was negligent; and that they finally agreed unanimously to return negative answers to the issues concerning unavoidable accident in the belief that such a finding would result in "throwing the matter back to the court" to ascertain who, if anyone, was guilty of negligence. Some of the jurors testified that they did not understand the effect which their answers would have upon the result of the case; but they thought negative answers to the two issues would be a finding that somebody was guilty of negligence but they could not determine who it was. This was clearly not a clerical error on the part of the jury. At most it was a mistake in the interpretation of the charge of the court and

of the legal effect the answers to the issues might have upon any judgment thereon that might be entered by the court. In the case of Caylat v. Houston, E. & W. T. Ry. Co., 113 Tex. 131, 252 S.W. 478, in answering a certified question, the Supreme Court held that when the verdict returned by the jury is different from that which was unanimously agreed upon by the jurors in the jury room and the mistake was occasioned by a slip of the foreman in writing the verdict, it was a clerical error and, upon motion for rehearing, the verdict and judgment should be set aside. In the recent case of Commercial Standard Ins. Co. v. Moore, 144 Tex. 371, 190 S.W.2d 811, a similar question was before the Supreme Court. In that case it was shown that the jury unanimously agreed upon a negative answer in the belief that the effect of the answer was the opposite from what a negative answer implied. The court held that the trial court properly entered judgment in accordance with the answer as returned by the jury because the error was not a clerical one but a mistake in the interpretation of the evidence, or the charge of the court, or of the legal effect of the answer. In our opinion, the question raised in this case is controlled by the holding in the Moore case, and appellant's assignments of error with reference thereto will, therefore, be overruled.

We have carefully examined all of the assignments of error and contentions presented by the appellant and, in our opinion, none of them reveals reversible error. The judgment of the court below will, therefore, be affirmed.